JUDGE PRYOR
delivered the opinion op the court.
The appellees, E. S. Jaffray & Co., obtained a judgment against Mrs. Ann »M. Newman, upon which an execution issued, and was returned “ no property found.” A petition in equity was then filed alleging that fact, and charging that Mrs. A. J. 'Waller, who was made a defendant to the action, was indebted to Ann M. Newman, by note past due, for more than enough to pay the judgment. Mrs. Newman, the judgment debtor,being served with process, failed to answer; but Mrs. Waller answered, admitting her indebtedness by note for *415 six hundred dollars, and her readiness to pay it as the court might direct. The latter was adjudged to pay the debt due the appellees by Mrs. Newman, and that she be credited on her note for the amount so paid, being four hundred and fifty dollars.
After that judgment and after the money had been paid the appellant, R. W. Garrott, filed his petition against Jaffray & Co., reciting the above facts, and alleging that he had obtained the note from Mrs. Waller for a valuable consideration, and the same had been assigned to him long prior to the institution of the action in equity by Jaffray & Co. against Mrs. Newman and Waller; that he had no notice of .the pendency of that action, nor had Mrs. Waller any notice of the assignment of the note to him by Mrs. Newman or that he held the note; that the money received by Jaffray & Co. under their judgment belonged to him, and was the proceeds of his note; that Jaffray & Co. (appellees) be compelled to refund the same. He further alleges that they are non-residents, and asks for an attachment that he might subject their property within the jurisdiction of the court to the payment of the debt. The attachment was issued and levied on some real estate owned by appellees. The allegations of the petition are sustained by the proof in the cause; but the court below held that as the money had been paid to the appellees they could not be required to refund, and from this judgment Garrott has appealed.
We can not concur with counsel for the appellees or the court below in many of the positions assumed as to the law of this case. The effect of the assignment of the note to Garrott was to vest him with the legal title. The right to its proceeds when thus acquired was superior to that of any creditor of the original obligee, and no judgment in any proceeding to which the appellant was not a party or of which he had no knowledge could divest him of that right. It is a well-recognized *416 principle, and without which no person could be secure in his property, “that no one is bound by a judicial proceeding unless he is a party to it, or has had such notice as would preclude him from asserting a right that has as between other parties already been determined by the judgment rendered. It is true the judgment in this case is conclusive between the garnishee and the attaching creditor, but how it can affect an innocent holder vested with the legal title to the property that has been adjudged to belong to some one else, in a proceeding of the existence of which he was in entire ignorance, we are unable to perceive.
The petition of Jaffray & Co. alleges the indebtedness by the garnishee to Mrs. Newman by note for six hundred dollars. The judgment is that the indebtedness exists, and the obligor and garnishee is directed to pay it over. This note, however, did .not belong to Mrs. Newman. The legal title was in Garrott, and the chancellor by his judgment was taking Garrott’s money to pay Mrs. Newman’s debt.
If the appellees had filed their petition, alleging'that a personal chattel in the possession of the garnishee was the property of Mrs. Newman and attached it to satisfy his debt, the court in its judgment would have subjected it to its payment, for the reason, as appeared from the record, that it belonged to the debtor and thus passed upon the question of title. Now it can not be pretended, if the title was in a third party who had no notice of the pendency of the action, that he would be precluded from asserting his right to the property either in the hands of the attaching creditor or a purchaser under the judgment.
In the case of Funkhouse v. Horne (24 Missouri), relied on by counsel for appellee, a distinction is attempted to be made between the right of property in a chose in action and that in a mere personal chattel, and it is there said that as the judgment determines that an indebtedness existed on the part *417 of the garnishee to the original obligee in the note, that fact can not be questioned even by one not a party to the proceeding. This is a novel doctrine. The indebtedness is adjudged to exist by reason of the note executed by the garnishee and which the former admits is unpaid. The note belonged to Garrott, and the court in passing upon the case has adjudged that it belonged to Mrs. Newman. The title to the note is as much involved in the litigation as if the property sought to be subjected had been a horse or any other chattel, and to determine otherwise would be adjudging in effect that a judgment determining the right of property was final as to all the parties interested, whether before the court or not.
Although the authority relied on by counsel indicates that the real owner of the note, attempting to reach his money in the hands of an attaching creditor, was vested with the legal title, still we are inclined to the opinion that the assignee in that case must have held only an equity by reason of the assignment. In such a case the attaching creditor prosecuting his equity to a judgment without notice would hold the money. This doctrine as between assignees vested with mere equities in such property is well settled; but where one has the legal title, and as in' this case the possession also, his right can not be disturbed by a judgment unless he is a party to the proceeding, or by-his knowledge of it or laches has surrendered it. The statute authorizing the assignment of notes, etc., so as to pass the legal title, guards the interest of the obligor in the note by giving him all his set-offs'or defenses acquired before notice of the assignment; but the failure to give such notice can not operate as a defense to a creditor of the original assignor acquiring the proceeds of the note without notice to the real owner holding the legal title; and in the absence of any clause in the statute of assignments for the protection of the obligor in the note it might well be questioned whether a payment by him (without notice of the assignment) to the *418 original payee would protect him against the claim of the legal owner.
The delay on the part of the appellant in the collection of the note, and the fact that he lived in the same county with the obligor, in connection' with the pendency of the action by the appellees against Mrs. Newman attaching or garnishing the money due by Mrs. Waller, are circumstances calculated to induce the belief that the appellant might by inquiry havé known that the amount due on the note by Mrs. Waller was being subjected to the payment of appellees’ debt. Still from these facts alone this court can not and ought not to presume that appellant had actual notice of the pendency of the action, and in failing to make himself a party thereto was guilty of such laches as to divest himself of all right to the note or its proceeds. The transaction by which appellant received the note .seems to have been in good faith, and in the absence of any laches on his part that authorizes the chancellor to say that the appellees have sustained loss by reason of appellant’s action in the premises we see no reason why he is not entitled to recover.
The appellant in no way induced the appellees to pursue the remedy they adopted in order to collect their debt, nor did the latter part with any right or sustain any loss by any laches or want of diligence on the part of appellant. No demand was required to be alleged or proven prior to the commencement of the action. The money had been wrongfully obtained by the appellees, without the consent or knowledge of the appellant, and in such cases the law raises or implies an obligation on the part of the party who obtains the money without right to refund it to the party entitled to it. He is in default by obtaining that which he had no right to possess against the rightful owner, and will not be allowed to say in a court of law, and especially in a court of equity, that, “although I obtained your property wrongfully *419 and without your consent, I can not be compelled to refund or pay its value without first being requested to do so.”
The provisions of the Code authorizing the issuing of attachments make no distinction between express and implied contracts. If made by the parties, it is express; and if created by legal presumption upon a given state of facts, it is an implied contract; and in either case an attachment may be issued and sustained upon the affidavit and proof that the debtor is a non-resident.
The judgment is therefore reversed, and cause remanded with directions to sustain the attachment and .for further proceedings consistent with this opinion.