FARR and Others *v.* BUCKNER and Another.

ATTACHMENT.— *What Claims Allowable.*—A proceeding in attachment was insti-
tuted against an absconding debtor, and his wife demanded and had set off
to her, as exempt from the attachment, property to the amount of three
hundred dollars out of the property upon which the writ of attachment was
levied. Pending said proceeding, the wife applied for and obtained a di-
vorce, a decree for alimony, and an allowance for the children of the par-
ties, for a cause which existed at the time the writ of attachment was is-
sued.

*Held,* that said decree for alimony and said allowance to the children consti-
tuted proper claims under the attachment proceeding, they having been
filed thereunder before the final adjustment of the suit.

APPEAL from the Monroe Circuit Court.

GREGORY, J.—One Presley T. Buckner, in 1867, abscond-
ed, taking with him money and personal property of the
value of some twenty thousand dollars. He left debts ow-
ing to various persons of over seventeen thousand dollars.
His creditors sued out a writ of attachment and seized his
property real and personal. His wife, one of the appellees,
demanded and had set off to her three hundred dollars as
exempt from the attachment. Some three thousand dollars
was realized from the sale of the attached property, and
paid into the clerk's office for distribution. While the at-
tachment proceeding was pending, Elizabeth V. Buckner,
the wife of the absconding debtor, applied for a divorce,
alimony, and an allowance for the support of the children,
the issue of her marriage with Buckner, three in number,
aged five, ten, and fifteen years. The court granted her
application on the ground of adultery, gave her a decree
for three thousand dollars alimony, and made an allowance
of two thousand dollars for the maintenance of the children;
finding specially that Buckner had fled the state; that
the property he had taken with him and left behind was
worth seventeen thousand dollars; and that he had re-
ceived, by virtue of his marriage with her, personal prop-
erty, some fifteen years before, of the value of six thousand
dollars.

Farr and Others *v*. Buckner and Another.

At the April term, 1868, of the court below, Elizabeth V., in her own behalf, and Joseph R. Buskirk, the other appellee, as guardian of the children, filed their claims under the proceeding in attachment. To these claims the other creditors demurred; the court overruled the demurrer, and the appellants excepted. The appellants then moved to strike out the claims; which was overruled. The appellants then filed their answer, setting up, substantially, the facts stated above. The appellees demurred to the answer; the demurrer was sustained over the exception of the appellants.

It is argued, that this decree for alimony and the allowance for the maintenance of the children were not proper claims under the attachment proceeding.

The statute provides, that "any creditor of the defendant, upon filing his affidavit and written undertaking, as hereinbefore required of the attaching creditor, may, at any time before the final adjustment of the suit, become a party to the action, file his complaint, and prove his claim or demand against the defendant." 2 G. & H. 147, sec. 186. "The money realized from the attachment and the garnishees shall, under the direction of the court, after paying all costs and expenses, be paid to the several creditors, in proportion to the amount of their several claims as adjusted, and the surplus, if any, shall be paid to the defendant." 2 G. & H. 150, sec. 192. The decree for alimony and the maintenance of the children was rendered upon a cause of action existing at the time the writ of attachment was issued; and the court was right in allowing these claims under the proceeding in attachment. They were filed within the time allowed by the statute.

Judgment affirmed, with costs.

*W. R. Harrison, W. S. Shirley, S. Claypool, G. A. Buskirk*, and *J. S. S. Hunter*, for appellants.