BAUM and others *v.* GOSLINE.*

(*Circuit Court, D. Colorado.*   January, 1883.)

1. ATTACHING AND JUDGMENT CREDITORS—THE LATTER CANNOT PRORATE WITH FORMER.

In this state attachment writs are not made returnable to terms of court. There is no such class of actions as mentioned in section 116 of the Code of Civil Procedure, and that section is inapplicable. The proceeds of attached property cannot be distributed as provided in that section.

Motion to Prorate Judgment with Attaching Creditors.
*Decker & Yonley*, for plaintiff.
No counsel appeared for the other parties in interest.

HALLETT, J., (*orally.*)   September 30, 1882, Abraham Kuh and others brought suit in this court against H. S. Gosline to recover $1,491, alleged to be due to them from the said Gosline for goods sold and delivered. On the same day they took out an attachment, which was levied on certain goods of the defendant. October 17,

*From the Colorado Law Reporter.

1882, judgment was rendered in this court in that action against the defendant for the said sum of $1,491. In like manner and with the same proceedings, Leopold Simons and others obtained judgment against Gosline for the sum of $1,224. Executions were issued on those judgments, under which the property attached was sold, and the proceeds, after paying expenses, amounting to $2,719, are now in the hands of the marshal.

This term of court was opened on the third day of October, 1882, and it will be observed that the suits above mentioned, in which writs of attachment were issued, were begun before the term. The present case, in which Julius Baum and others are plaintiffs, was begun October 14, 1882, and judgment rendered therein against the defendant October 18, 1882, for the sum of $1,378.50.

No writ of attachment was issued in this suit, but plaintiffs claim that they are entitled to share in the proceeds of the property attached in the other suits above mentioned, under section 116 of the Code, which reads as follows:

"In all cases where more than one attachment shall be issued against the same person or persons and returned to the same term of court to which they are returnable, or when a judgment in a civil action shall also be rendered at the same term against the defendant, who is the same person and defendant in the attachment or attachments, the court shall direct the clerk to make an estimate of the several amounts each attaching or judgment creditor will be entitled to out of the property of the defendant attached, either in the hands of the garnishee or otherwise, after the sale and receipt of the proceeds thereof by the sheriff, calculating such amount in proportion to the amount of their several judgments, with costs, as the same will respectively bear to the amount of the sum received, so that each attaching and judgment creditor will receive his just part thereof in proportion to his demand," followed by directions for distributing the fund.

That section was in the first attachment act of the territory of Colorado, approved October 29, 1861, (First Session Territorial Assembly, 210,) and it was obtained from the statutes of Illinois. Before it was enacted by the territory of Colorado, it had received a construction in Illinois to the effect that only those creditors who should obtain judgment at the term of court to which writs of attachment were returned and returnable, could share in the proceeds of property attached. *Rucker* v. *Fuller,* 11 Ill. 223.

In the territory of Colorado this section survived the changes made from time to time in the attachment act, until the admission of the state, (Rev. St. 1868, p. 6,) when it was incorporated into the Code as section 116.

In the practice of the state of Illinois and in the territory of Colorado, writs of attachment and other process for commencing suits were made returnable to terms of court. Under that system of procedure the meaning of the section was well understood. It defined a class of creditors who were entitled to participate in the proceeds of property which should be seized by attachment. They were creditors who had writs of attachment returned and returnable to the same term of court, and other creditors proceeding by ordinary summons, who might be able to obtain judgment in the same term with the attaching creditor. This is shown by the case from 11 Ill. before referred to. In the Code of Colorado there is no such class of creditors. Writs of attachment are not made returnable on any day or at any term of court, and process of summons requires the defendant to answer within a certain number of days after service, so that there are no such creditors known to the courts of Colorado or defined in the laws of the state as are mentioned in section 116 of the Code. By their motion, plaintiffs allege in substance that they are of a class of the creditors of H. S. Gosline who are entitled to share in the proceeds of this property. But it seems that there is no such class under the law, and therefore the motion must be denied. In No. 1043, the Exchange Bank against the same defendant, and No. 1066, C. E. Mantz *et al.* against the same defendant, judgments were also entered at this term, and the plaintiffs would be entitled to participate in the distribution if any order of that kind could be made; but the rule must be the same as to all these parties. Section 116 is entirely inoperative in connection with the other provisions of the Code, and no order of distribution can be made.