(June 11, 1903.)

## KIMBALL v. RAYMOND.

[72 Pac. 957.]

ATTACHMENT—LAW PROVIDING FOR PRO-RATING—DOES NOT APPLY TO JUSTICE'S COURT.—Section 4304, as amended in 1895, and re-enacted in 1899, providing for the pro-rating of the proceeds or property attached, does not apply to the justice court practice of this state.

(Syllabus by the court.)

JUDGMENT for respondent, from which appellant appeals. Affirmed. Honorable George H. Stewart, Judge.

The facts are fully stated in the opinion.

Lot L. Feltham, for Appellant, cites no authorities upon the point decided by the court not cited in the opinion.

B. S. Varian, for Respondent.

Notwithstanding the provisions of section 3262 of the Code of Civil Procedure, Idaho Codes Annotated (Rev. Stats., sec. 4689), cited by counsel for appellant in his brief, the contention of appellant is untenable, for the reason that said section does not contemplate that a part only of a section relating to the district court practice should apply. It refers to "sections." That is an entire section. The section under discussion is as follows: "The sections of this code providing for at-

tachments out of the district court, except as in this chapter expressly provided, are applicable to attachments issued out of justice's courts, the necessary changes and substitutions being made therein." (Code Civ. Proc., sec. 3632; Rev. Stats., sec. 4689.) We will concede that if the new matter interjected into section 4304 of the Revised Statutes by the act of February 14, 1899, had been embodied in a separate section, by itself, as a part of the practice act relative to the district court practice, its provisions might be held applicable to attachments in both the justice and district courts. That the legislature did not adopt this course shows a clear intention to limit the operation of the provisions of the amendment to subject matter of section 4304, Revised Statutes—i. e., attachments under the district court practice. Speaking through Mr. Chief Justice Quarles, this court has laid down the rule for the construction of attachment laws in this state as follows: "Under our code the rule of construction to be applied is this: If there is any uncertainty as to what the statute requires, construe the statute liberally, but the requirements of acts to be performed, when the statute is so construed, must be strictly performed." (*Vollmer v. Spencer,* 5 Idaho, 557, 51 Pac. 610; Sutherland on Statutory Construction, p. 419, sec. 333.) "Whether a statute be a public or a private one, if any of the terms in which it is couched be so vague as to convey no definite meaning to those whose duty it is to execute it ministerially or judicially, it is necessarily inoperative." (Sutherland on Statutory Construction, sec. 261, quoting from the opinion in *Drake v. Drake,* 4 Dev. (N. C.) 110.) Statutes that are so ambiguous or defective in their terms as to convey no definite or certain meaning are invalid. (23 Am. & Eng. Ency. of Law, 228, and cases cited.) Where the statute is ambiguous or open to two constructions, the argument of hardship, injustice, inconvenience or absurdity is strong. (Sutherland on Statutory Construction, sec. 324; Black on Interpretation of Laws, sec. 46.)

STOCKSLAGER, J.—This case comes here for review from the district court of Washington county. The case was tried in the district court on an agreed statement of the facts. Judg-

ment was rendered and entered in favor of the plaintiffs in the lower court, respondent here. From this judgment appellant—the defendant in the lower court—appeals. In order to have a fair understanding of the facts in this case, and for the further reason that the conclusion we reach is a matter of considerable importance to the members of the bar of the state, as well as a large number of litigants each year, involving, as it does, the attachment law of the state, we have deemed it best to copy the entire statement of facts in this opinion.

The said parties hereby agree upon the following statement of facts, and submit the same to the court for the determination of the points in controversy hereinafter specified. The facts agreed on are as follows, to wit:

"1. That N. F. Kimball, plaintiff above named, commenced an action in the probate court of Washington county, Idaho, against one D. J. Butcher, to recover the sum of $144.41, on the sixteenth day of October, 1902, and on said date filed proper affidavit and undertaking for an attachment; and thereafter, on said sixteenth day of November, 1902, a writ of attachment and summons duly issued out of said court in said action. That on the seventeenth day of October, 1902, one W. J. Windes, then being the duly elected, qualified and acting constable for the Cambridge precinct, of Washington county, Idaho, under and by virtue of the writ of attachment aforesaid, duly levied upon and took into his possession and control all and singular the stock of merchandise belonging to the defendant, D. J. Butcher, and situate at Cambridge, Idaho, and placed one Philip A. Markson in charge thereof as keeper.

"2. That one Henry Raymond commenced an action in the said probate court of Washington county, Idaho, against the said D. J. Butcher, defendant, on the second day of November, 1902, to recover the sum of $400, and on said day filed proper affidavit undertaking for attachment; that thereafter, on said second day of November, 1902, a writ of attachment and summons duly issued out of said court in said action; that thereafter on the third day of November, 1902, one James P. Gray, the duly elected, qualified and acting sheriff of Washington county, Idaho, served the said summons and the said writ of

attachment by levying upon the stock of merchandise belonging to the said D. J. Butcher, then in the possession of the said W. J. Windes, as aforesaid, and placing one Childers in possession thereof with the said P. A. Markson, as keeper under the said sheriff; that thereafter, on the third day of November, 1902, the said W. J. Windes, constable, and James P. Gray, sheriff, by agreement, placed the said Childers in sole possession of said stock of merchandise, as keeper for both and each of said officers; that, on the third day of November, 1902, the said probate court, by its clerk, caused notice of the said attachment of the said Henry Raymond against D. J. Butcher to be posted at the front door of the courthouse at Weiser, Idaho, and caused the same to be published for three consecutive issues, to wit, November 8, 15 and 22, 1902, in the 'Weiser World,' a weekly newspaper published at Weiser, Washington county, Idaho.

"3. That on the twenty-fourth day of October, 1902, the said probate court made and entered judgment in the said action therein pending wherein Nelson F. Kimball (plaintiff above named) was named as plaintiff and the said D. J. Butcher was named as defendant, against the said D. J. Butcher and in favor of the said N. F. Kimball, for the sum of $147.41 principal and interest and $7.10 costs, total $154.51.

"4. That, on the seventeenth day of November, 1902, the said probate court made and entered judgment in the said action therein pending wherein the said Henry Raymond (defendant above named) is named as plaintiff and the said D. J. Butcher is named as defendant, against the said D. J. Butcher and in favor of the said Henry Raymond, for the sum of $400 and $52.40 costs; total $452.40.

"5. That on the twenty-first day of November, 1902, under and by virtue of writs of execution issued out of the said probate court of Washington county, Idaho, in the said action entitled N. F. Kimball, Plaintiff, v. D. J. Butcher, Defendant, and said action of Henry Raymond v. David J. Butcher, the said W. J. Windes, constable as aforesaid, sold at public auction, according to law, all and singular the stock of merchandise held under the writs of attachment aforesaid; that said merchandise

brought the total sum of $390, and after deducting the costs of sale, keeper's fees, commissions, etc., there remained in the hands of the said constable the sum of $256.75, which, pursuant to stipulation of counsel for the parties herein, a copy of which said stipulation is hereto annexed, marked Exhibit 'A' and made a part hereof, was deposited by said constable with the Honorable Thomas M. Jeffreys, as probate judge of said Washington county, Idaho, pending the decision of the question herein involved.

"The points in controversy, and upon which the decision of the court is asked, are as follows, to wit:

"1. Are attaching creditors, in the probate court, justice practice, within the rule laid down in section 3296, Idaho Codes Annotated, of the Code of Civil Procedure, relating to attaching creditors sharing *pro rata* in the proceeds of the defendant's property where there is not sufficient to pay all the judgments in full against him?

"2. In this case, is Nelson F. Kimball required to share *pro rata* with Henry Raymond the proceeds of D. J. Butcher's property, to wit, $256.75 now in the hands of the probate judge?"

It will be observed that we are called upon to construe section 4304, Revised Statutes of Idaho, which prior to the amendment of this section by the legislature in 1895, and subsequently reenacted on February 14, 1899, read as follows: "Before issuing the writ the clerk must require a written undertaking on the part of the plaintiff in a sum not less than $200, and not exceeding the amount claimed by the plaintiff, with sufficient sureties to the effect that, if the defendant recover judgment, or, if the attachment be wrongfully issued the plain'iff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking."

The amendment to this section above referred to reads: "And two days after issuing such writ and delivering it to the proper officer, the clerk must post at the front door of the courthouse and cause to be published in some newspaper published in the county, if there be one, a notice setting out the title of the cause and the fact that an attachment has been is-

sued against the property of the defendant. Such notice shall be kept posted at least ten days, and shall be published, if a weekly paper, in three issues thereof, and in any other than a weekly paper, in at least six issues. Any creditor of the defendant who within sixty days after the first posting and publication of such notice shall commence and prosecute to final judgment his action for his claim against the defendant, shall share *pro rata* with the attaching creditor in the proceeds of defendant's property where there is not sufficient to pay all the judgments in full against him."

Section 4686 of the Revised Statutes providing for attachments in justice's court says: "A writ to attach the property of the defendant must be issued by the justice at the time of, or after issuing summons and before answer, on receiving an affidavit by or on behalf of the plaintiff, showing the same facts as are required to be shown by the affidavit for attachment out of the district court."

Section 4689 of our statute reads: "The sections of this code providing for attachments out of the district court, except as in this chapter expressly provided, are applicable to attachments issued out of justices' courts, the necessary changes and substitutions being made therein."

Section 4629 of the statute says: "The process, provisional remedies, supplementary proceedings, and the rules of practice and pleading in the probate court when the debt or sum claimed does not exceed $300, shall be the same as in justices' courts, in all other cases within its civil jurisdiction the same as in the district court, except when other provision is made by this code."

Section 3841, Revised Statutes, providing for the jurisdiction of the probate court in civil matters, says: "In addition to their probate jurisdiction to hear and determine all civil causes wherein the damage or debt claimed does not exceed the sum of $500, exclusive of interest, and concurrent jurisdiction with justices of the peace in criminal cases."

These are all the sections of the statute that have any bearing on the question before us.

The specifications of error are as follows:

1. The court erred in its conclusions of law that the respondent is entitled to the full sum of his claim of $154.51 and his costs from the funds deposited with the probate judge of Washington county as the proceeds of debtor's property.

2. The court erred in its conclusions of law that the appellant was entitled only to the remainder of the money deposited with the probate court after the respondent was so paid in full.

3. That the court erred in rendering and entering judgment, decreeing to respondent payment in full of his said claim, to wit, the sum of $155.66, and awarding only the remainder of said deposit of $256.75 to the appellant, but instead should have decreed to appellant his full *pro rata* share thereof.

With this record before us we must construe section 4689, *supra,* with section 4304, *supra,* Revised Statutes. It will be observed that the amendment to section 4304 was made by the legislature in 1895, re-enacted in 1899, and only amended that section of the statute relating to attachments issued by the clerk. In speaking of the proceeding it refers only to the duty of the clerk. The amendment also gives directions to the clerk as to his duties in posting notice at the front door of the courthouse, publishing notice in a newspaper, etc. It gives that clerk two days in which to post the notice after he issues and delivers the writ to the proper officer. Nothing is said as to the duty of a justice of the peace posting notice or publishing in a newspaper, and he has no clerk to perform that duty. It is earnestly urged by counsel for respondent that it would in many instances be practically impossible for a justice of the peace to comply with the amendment under consideration in posting the notice at the front door of the courthouse in two days after the writ is issued and delivered to the proper officers. It is well known to us that in several of the counties in this state justices of the peace live and have their offices from ninety to one hundred and fifty miles from the county seat. This fact was also known to the members of the legislature at the time they amended this section of the statute and provided for posting the notice on the front door of the courthouse. It will also be noticed that no compensation is provided for posting this notice;

neither is mileage provided for such service. It certainly cannot be seriously urged or considered that the legislature intended to impose this duty upon the justices of the peace of the state without compensation therefor.

It is urged that "courthouse," as used in the amended section, refers to the office of the justice who issues the attachment. We do not believe such was the intention of the legislature. In all cases excepting in the cities, towns and villages, the offices of the justices of the peace are in the settlements throughout their respective counties, and the notice contemplated by the amended section posted on the front door of the office of the justice of the peace issuing the writ would not give such notice as contemplated.

If the legislature had intended that the amendment should apply to justice's court practice, we are of the opinion that it would have been stated in the amendment. It was evidently, the intention of the legislature to put a check on the practice of indiscriminately issuing attachments, and thereby in many cases destroying the business of our merchants and business men, by throwing them into bankruptcy and ruin, at times the cost in the numerous cases being as much as the indebtedness. It is well known that an attachment proceeding in the district court is published to the world through the commercial agencies. This invariably results in the creditors seeking precedence. This was the situation under the law as it existed before amended. To avoid this we think the section was amended.

A different state of facts exists in justice's court practice, and if attention is called to an attachment in that court the amount is small and does not attract attention sufficiently to create the evil results above enumerated.

This applies with equal force to actions commenced in the probate court within the justice's jurisdiction.

Judgment affirmed with costs to respondent.

Sullivan, C. J., and Ailshie, J., concur.