(November 21, 1919.)

ARTHUR GREENE, A. G. DRAPER, THE CITIZENS'
    NATIONAL BANK OF SALMON, a National Banking
    Corporation, A. F. JAHNKE, FRANK R. HALL and
    M. M. H. MAYDOLE, Copartners, LEMHI TELE-
    PHONE COMPANY, a Corporation, THE MUSGROVE
    MINING COMPANY, a Corporation, and THOMAS J.
    STROUD as Sheriff of Lemhi County, Idaho, Respond-
    ents, v. JOHN H. RICE, RICHARD M. EDWARDS,
    SHENON HARDWARE AND IMPLEMENT COM-
    PANY, a Corporation, MALCOMB B. MERRITT,
    SARAH W. BOYLE, W. L. ANDERSON, A. M. COL-
    WELL, FELIX JAKOVAC, C. G. MATHEWSON, R. L.
    EDWARDS, SAMUEL HANCOCK, W. C. SMITH, as
    Administrator of the Estate of J. S. HUDKINS, De-
    ceased, MILAN CRNKOVICH, AMERICAN MA-
    CHINERY COMPANY, a Corporation, and B. T.
    BASCOMB, Appellants.

[186 Pac. 249.]

ATTACHMENT—LIEN—INSOLVENCY LAW—CONSTITUTIONAL LAW—STATU-
    TORY CONSTRUCTION—JUDGMENT CREDITORS—PRORATING.

    1.  Under the provisions of C. S., sec. 6781, creditors who com-
mence and prosecute their claims to final judgment within sixty days
after the first posting and publication of an attachment notice are
entitled to prorate with the attaching creditor in the proceeds of
defendant's property where there is not sufficient to pay all judg-
ments in full against him.

    [As to prorating proceeds of attached property among creditors,
see note in Ann. Cas. 1913C, 285.]

    2.  The attaching creditor under the provisions of C. S., sec. 6781,
does not get an unqualified lien, but takes his lien subject to the
provision that under the circumstances mentioned in the statute
other creditors will be entitled to share in the proceeds of the at-
tached property *pro rata*.

    3.  Attachment proceedings are entirely statutory and it is within
the province of the legislature to place any limitations upon the
extent of the right of an attaching creditor which it deems advisable.

4. Since under the provisions of C. S., sec. 6781, the attaching creditor is not deprived of a vested lien, the fact that no notice or proceeding against him is therein provided does not operate to deprive him of his property without due process of law or of the equal protection of the law, and the statute, therefore, does not contravene the provisions of the fourteenth amendment to the federal constitution.

5. A statute, in order to be such an insolvency law as is suspended by the federal bankruptcy act, must provide for the discharge of the debtor. C. S., sec. 6781, containing no such provision, is not an insolvency law and is not suspended by the federal bankruptcy act.

6. Under the provision of C. S., sec. 6781, that "Any creditor . . . . who within sixty days . . . . shall commence and prosecute to final judgment his action for his claim against the defendant, shall share *pro rata* with the attaching creditor . . . . ," all creditors who commence and prosecute their claims to final judgment within the prescribed time are entitled to prorate with the attaching creditor, without reference to whether such judgments have been procured in the district court or in the justice or probate court, or have been docketed in the district court within the sixty day period or at all.

7. The manifest purpose of the act is to provide for a fair and equitable distribution of the available and attached assets of the debtor, and all judgment creditors should, therefore, be placed on as near an equal footing as is possible under the provisions of the act.

8. When property is attached on process out of the district court, all judgment creditors coming within the prescribed rule are entitled to prorate, the theory being that the first attachment holds the property for the benefit of all creditors who reduce their claims to judgment within sixty days, thereby relieving them from the responsibility, and the debtor from the costs, of additional attachment process.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Proceeding under C. S., secs. 7305 to 7307, inclusive, to determine the rights of judgment creditors in the proceeds of attached property. Judgment decreeing certain preferences and priorities. *Reversed.*

L. E. Glennon and E. W. Whitcomb, for Appellants.

Attachment was unknown to the common law. It is a summary and extraordinary remedy depending entirely upon statutory enactment. (4 Cyc. 396, and cases there cited, including *Vollmer v. Spencer,* 5 Ida. 557, 51 Pac. 609; *Murphy v. Montandon,* 2 Ida. 1048, 35 Am. St. 279, 29 Pac. 851.)

It is the policy of the law of all jurisdictions having prorating statutes that all creditors coming within the statute, if they are but reasonably diligent, shall be placed on an equality, and that the estate of the debtor shall be distributed among them equally and impartially. (*Howard v. Grimes Pass Placer Mining Co.,* 21 Ida. 12, Ann. Cas. 1913C, 284, 120 Pac. 170; *Pollack v. Slack,* 92 Ill. 221; *Henderson v. Bliss,* 8 Ind. 100; *Shirk v. Wilson,* 13 Ind. 129, 132; *Farr v. Buckner,* 32 Ind. 382; *E. I. DuPont Co. v. Pennsylvania etc. Coal Co.,* 48 Ind. App. 538, 96 N. E. 204.)

A. C. Cherry and R. P. Quarles, for Respondent Greene.

An attachment lien is a vested right. (Shinn on Attachment & Garnishment, 313; *Kelly v. Dill,* 23 Minn. 435.)

Notice to a party whose rights are to be affected by a proceeding is an essential element of due process. (*Donovan etc. Co. v. Tri-State Cedar Co.,* 25 Ida. 462, 138 Pac. 339; *Anderson v. Great Northern R. Co.,* 25 Ida. 433, 434, Ann. Cas. 1916C, 191, 138 Pac. 127; *Bear Lake County v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614; *Windsor v. McVeigh,* 93 U. S. 274, 23 L. ed. 914, 915; *Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565.)

The law itself to be constitutional must require notice and give a right to a hearing. (*Matter of Grout,* 105 App. Div. 98, 93 N. Y. Supp. 711; *Board of Education v. Aldredge,* 13 Okl. 205, 73 Pac. 1104, 1105; *Sterritt v. Young,* 14 Wyo. 146, 116 Am. St. 994, 82 Pac. 946, 947, 4 L. R. A., N. S., 169; *Langford v. Ramsey County Commrs.,* 16 Minn. 375.)

The prorating provision is unconstitutional, in that it deprives certain persons, affected by the statute, of property without due process of law, and also denies to certain persons

affected thereby equal protection of the law, and is, therefore, in conflict with sec. 1 of the fourteenth amendment to the federal constitution, and sec. 13, art. 1, of the Idaho constitution. (*Anderson v. Great Northern R. Co.,* 25 Ida. 433, 434, Ann. Cas. 1916C, 191, 138 Pac. 127; 12 C. J. 1193; *Windsor v. McVeigh, supra.*)

Our own supreme court has virtually declared this prorating provision invalid in *Howard v. Grimes Pass Placer Min. Co.,* 21 Ida. 12, Ann. Cas. 1913C, 284, 120 Pac. 170.

The provision in question is invalid because it usurps the exclusive province of the federal bankruptcy laws. All state insolvency laws are suspended and superseded by the national bankruptcy law of 1898. (*Capital Lumber Co. v. Saunders,* 26 Ida. 408, 143 Pac. 1178; *In re Storck Lumber Co.,* 114 Fed. 360; *In re Macon Sash etc. Co.,* 112 Fed. 323, 5 Cyc. 241.)

BUDGE, J.—This is an appeal from a judgment fixing the order of priority or preference in which certain judgments against the Musgrove Mining Company should be paid.

One Bascomb sued the company in the probate court and attached its property on January 4, 1916. All of the other actions were commenced after the Bascomb attachment was run. The district court's judgment is that Bascomb's judgment should be paid in full, the property having been sold for more than enough to satisfy it. Under the decision of this court in *Kimball v. Raymond,* 9 Idaho, 176, 72 Pac. 957, to the effect that the provisions of C. S., sec. 6781, providing for the prorating of the proceeds of property attached, do not apply to the justice court practice of this state, Bascomb would not be required to submit to the prorating provision thereof.

On January 6, 1916, respondent Greene filed two actions in the district court and within two days thereafter proper notice of attachment, as required by sec. 6781, *supra,* was given. Within sixty days after the first posting and publication of this attachment, a number of other actions were commenced, some in the probate and some in the district court, and prosecuted to final judgment. Some of the probate judg-

ments were docketed in the district court within the sixty-day period, and as to the others the record is not clear upon this point.

The specification of error, a determination of which will dispose of the case, is that the judgment from which this appeal is taken and which, as above noted, fixed the order of priority or preference in which the various judgments should be paid, is contrary to law, the contention being that under the provisions of C. S., sec. 6781, all of the judgment creditors were entitled to prorate, the property having sold under execution for an amount less than that sufficient to satisfy all claims in full.

The portion of the statute which is involved reads as follows: "Any creditor of the defendant, who, within sixty days after the first posting and publication of such notice, shall commence and prosecute to final judgment his action for his claim against the defendant, shall share *pro rata* with the attaching creditor in the proceeds of defendant's property where there is not sufficient to pay all judgments in full against him."

If this statute is valid, the judgment cannot be upheld, for it appears on the face thereof that notwithstanding the fact that all of the actions affected by the judgment appealed from were commenced and prosecuted to final judgment within sixty days after the first attachment was run in the district court, the judgment creditors are not permitted by the terms thereof to prorate in the proceeds of the attached property, but the order is that the respective judgments shall each be paid in full in the order of priority or preference fixed therein.

The validity of this statute has never been expressly passed upon. The only decisions directly affecting it are *Kimball v. Raymond, supra,* and *Howard v. Grimes Pass Placer Mining Co.,* 21 Ida. 12, Ann. Cas. 1913C, 284, 120 Pac. 170.

In the latter case this court expressly refused to pass upon the validity of the statute, for the reason that the question was not properly before it, and confined its decision to the point that those creditors, who did not prosecute their claims

to final judgment within the sixty day period therein limited, were not entitled to prorate under its provisions.

It is contended by respondent that the prorating provision of this statute is inoperative and void because, first, it is by its terms too ambiguous and uncertain to be given any practical effect, and, second, because it contravenes the "due process" and "equal protection of the law" provisions of the fourteenth amendment to the federal constitution, and, third, because it is in effect a state insolvency law and as such is superseded and its operation suspended by the federal bankruptcy act.

Respondent's arguments on the first two propositions overlap and are so intermingled that they may properly be discussed together. It is urged that the provision is inoperative, for the reason that no procedure is provided by which it may be determined judicially whether, first, there is sufficient property to satisfy all of the judgments in full, or second, that the subsequent judgments have been procured within the sixty day period, or, third, are valid judgments. All of these contentions are without merit.

In support of the argument touching the constitutional question, it is insisted that an attachment lien gives a creditor a vested right in the property, reliance being placed upon Shinn on Attachment and Garnishment, 313, and *Kelly v. Dill*, 23 Minn. 435, and that, therefore, since the statute provides no notice or proceeding against the first attaching creditor, the prorating provision deprives the latter of his property without due process of law and deprives him of the equal protection of the law. If counsel's first position were entirely correct, his latter contention might present a debatable point, but it should be remembered in this connection that the lien of an attaching creditor is wholly a creature of statute, and that an attachment proceeding such as we have under the code was unknown at common law (4 Cyc. 396), and that being entirely statutory it is within the province of the legislature to place any restrictions upon the extent of the right of an attaching creditor which it deems advisable. Such

statutes have been generally upheld: 6 C. J. 303; Ann. Cas. note to *Howard v. Grimes Pass Placer Mining Co., supra; Henderson v. Bliss,* 8 Ind. 100; *Farr et al. v. Buckner et al.,* 32 Ind. 382; *Pollack v. Slack et al.,* 92 Ill. 221; *Baum v. Gosline,* 15 Fed. 220.

Under attachment statutes containing a prorating provision, the attaching creditor does not get an unqualified vested lien, but the lien that he does take by virtue of his attachment is taken subject to the provision that under certain circumstances other creditors who proceed to judgment and come within the terms of the statute will be entitled to share in the proceeds of the attached property, *pro rata.* The prorating provision does not deprive the attaching creditor of a vested right and we, therefore, hold that the constitutional provision securing due process of law and the equal protection of the law is not involved.

Respondent's position, founded upon his argument that the prorating provision of sec. 6781, *supra,* is in effect an insolvency law, and hence suspended by the federal bankruptcy act, is equally untenable. Our statute makes no provision for a discharge of the debtor from his obligations. A statute in order to be such an insolvency law as is suspended by the federal bankruptcy law must provide for the discharge of the debtor, and has been defined as: "A positive regulation made by the legislature to exonerate the person or property of a debtor and to relieve him from the pressure of creditors." (22 Cyc. 1262; *Cook v. Rogers,* 31 Mich. 391; *Haijek v. Luck,* 96 Tex. 517, 74 S. W. 305; 4 Words and Phrases, 3655.)

The supreme court of Oregon in a recent case gave the following definition:

"A state statute, authorizing a general assignment, is an insolvent law when it permits a person of any class voluntarily to take advantage of its provisions by transferring his property in trust for the benefit of his creditors, and provides that, upon a due administration of his estate and a compliance with the requirements of the statute regulating the proceedings, he is thereby discharged from all liabilities on account of his debts which had been incurred at the time of making

the general assignment." (*Pelton v. Sheridan*, 74 Or. 176, 184, 144 Pac. 410, at 412.)

Tested by the foregoing rules, the prorating provision of C. S., sec. 6781, is not such an insolvency law as is suspended by the federal bankruptcy law.

Since it is necessary to reverse the judgment and the status of each of the judgments affected by it is properly before us, the question as to what judgments are entitled to prorate must be determined. This involves a further interpretation of the language of sec. 6781, *supra.*

*Kimball v. Raymond, supra,* is only authority for the proposition that the prorating provision does not apply to *attachment proceedings* in the justice court. There is nothing in the language of this section which necessarily excludes justice and probate judgment creditors from the right to prorate along with district court judgment creditors, and this without regard to whether such judgments have been docketed in the district court within the sixty-day period or at all. The statute does not say: "Any creditor . . . . who within sixty days . . . . shall commence and prosecute to final judgment . . . . *in the district court.*" It merely says: "Any creditor . . . . who within sixty days . . . . shall commence and prosecute to final judgment . . . . ," and prescribes that in such event he is entitled to prorate with the district court attaching creditor.

The manifest purpose of the act is to provide for a fair and equitable distribution of the available and attached assets of the debtor. This cannot be accomplished if those judgment creditors who have prosecuted their claims to final judgment in the justice or probate court are to be excluded for any reason.

The distinction between the two attachment proceedings seems to be merely this, that creditors are not entitled to prorate under an attachment proceeding in the justice court, but that when the property is attached on process out of the district court, all judgment creditors coming within the prescribed rule are entitled to prorate. Under the prorating statute it is unnecessary for any of the subsequent judgment

creditors to attach, the theory being that the first attachment holds the property for the benefit of all creditors who reduce their claims to judgment within sixty days, and they are relieved from the responsibility, and the debtor from the costs, of the prosecution or suing out of additional attachment process.

There is nothing in the language in *Howard v. Grimes Pass Placer Mining Co., supra,* from which a contrary view can necessarily be inferred. As this is a case of first impression, we are inclined to take the broadest possible view of the statute with the view of accomplishing the avowed purpose of the act. This view does no violence to the plain language of the act, and places all judgment creditors as nearly on an equal footing as is possible under the provisions thereof. This seems to have been the legislative intent.

Reversed and remanded for further proceedings in conformity with the views herein expressed. Costs awarded to appellants, except as against respondents A. G. Draper and the Citizens' National Bank of Salmon.

Morgan, C. J., and Rice, J., concur.

Petition for rehearing denied.