Pillsbury, J. The delivery of the !deed to the grantee without his performing the condition upon which his right to receive it depended, vested no title in him, and the appellee could have recovered it bv action or have it removed as a cloud upon his title. Stone v. Duvall, 77 Ill. 475; I. C. R. R. Co. v. McCullough, 59 Ill. 166; Stanley v. Valentine, 79 Ill. 544; but instead of so doing, he brought his suit against the grantee and recovered judgment for the balance of the purchase money, thereby ratifying the act of the appellant in delivering the deed, as the suit could have been maintained only upon the ground that the deed was valid. Story on Agency, Sec. 259; Peters v. Ballasteir, 3 Pick. 495; Smith v. Hodson, 4 R. I. 211; Smith v. Cole, 3 Pick. 232. The effect of this ratification by him, he well knowing-at that time all the facts, was to discharge the appellant from all liability for deviating from his instructions. Story on Agency, Sec. 243; Cairnes v. Bleeker, 12 Johns. 300; Wilson v. Tunman, 6 M. & G. 230. The appellee had his election either to repudiate the action of appellant and re-invest¿himself with the record title to the land, in which event he could have recovered the necessary expense from appellant, or to affirm the act of his agent and recover the purchase money from the grantee by action, or enforce a vendor’s lien upon the land. He chose to hold the grantee personally liable and now has a judgment against him, and it would seem that he is concluded by his election and can not have judgment against both. Kingsley v. Davis, 104 Mass. 178. These conclusions render it unnecessary to notice the question as to the measure of damages in case the appellant is liable for any sum. The judgment of the court below will be reversed. Judgment reversed.