[Civ. No. 2113. Second Appellate District.—March 4, 1918.]

## E. K. FOSTER, Appellant, v. LOS ANGELES TRUST & SAVINGS BANK (a Corporation), Respondent.

CONTRACT—DEPOSIT OF MONEY FOR PAYMENT OF MOTOR CARS—REFUSAL
TO ACCEPT DELIVERY—ACTION AGAINST BUYER—WAIVER OF RIGHT
TO RECOVER DEPOSIT.—Under an agreement between a buyer and
seller of motor cars, where money was deposited in a bank to pay
for the cars to be turned over upon delivery, the seller waived its
rights against the bank for recovery of the money, where on refusal
of the buyer to accept delivery it sold the property at public auction
and sued the buyer alone and obtained judgment for the full amount
of the difference between the amount actually secured at the sale
and the amount of the contract price, without making any account
whatever of the deposit.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, W. D. Finch, and Thomas A. J.
Dockweiler, for Appellant.

Jones & Weller, for Respondent.

JAMES, J.—This action was brought to recover the sum
of $840 and interest. The gist of the claim of the plaintiff
was that this money had been deposited with the defendant
by a third party for his benefit, and that conditions prece-
dent having been satisfied and demand made, plaintiff was
entitled to collect from the defendant the sum mentioned.
Answer was filed to the complaint and among the defenses
alleged was that of the bar of the statute of limitations. The
case came on for trial and before any witnesses were exam-
ined, defendant asked and was allowed to withdraw its plea
of the statute of limitations. Thereupon, plaintiff being
called as a witness in his own behalf, defendant objected to
the introduction of any evidence on the ground that plaintiff's
complaint failed to state sufficient facts to constitute a cause
of action. This objection was sustained and the judgment of
dismissal, from which this appeal is taken, followed.

It will be necessary to a proper understanding of the legal question presented to state more particularly the facts relied upon by plaintiff to sustain his suit, as the same are expressed in the complaint. In March, 1907, the plaintiff and A. W. McCready entered into a contract executory in form as to both parties, by which McCready purchased from the plaintiff ten motor cars, to be thereafter shipped from St. Louis, Missouri. The cars were to cost McCready in Los Angeles two thousand eight hundred dollars each. One car was to be shipped immediately on the making of the agreement and the remainder, in lots of three, were to be shipped in March, April, and June, respectively, of the same year. McCready deposited with the defendant on account of the purchase and for plaintiff's benefit the sum of two thousand eight hundred dollars, which the defendant was instructed to pay over to the plaintiff in installments of $280 for each car as the same was delivered. In May of the same year three of the cars contracted for were delivered to McCready and were paid for in full by McCready. Thereupon McCready and the plaintiff mutually released one another as to the sale and purchase of four of the cars referred to in the contract, and agreed further that McCready might draw down the sum of $1,960 of the two thousand eight hundred dollars deposit. The defendant was advised of this change in the agreement of the parties by letter in the following form:

"May 24, 1907.
"Los Angeles Trust Co.

"Gentlemen: We agree to the releasing of $1,960 of the $2,800 deposit on the escrow on Moon motor car balance to be applied on the last three cars. Time of shipment of same to be extended to Aug. 15, 1907.

"E. K. Foster,
"A. W. McCready."

Thereafter, and in August, the three motor cars agreed to be last delivered arrived, and on August 31st the plaintiff notified McCready and the defendant that the cars had arrived and were ready for delivery in accordance with the contract, and an offer was then made to deliver the same. McCready refused to accept the cars and this defendant refused to pay over the balance of the deposit, which amounted to $840, being the same sum herein sued for. The refusal of defendant to pay over the money was based upon instruc-

tions given to it by McCready. Thereafter the plaintiff gave due notice that he would sell the three cars at public auction, and such a sale was held. The three cars were sold at this sale for an aggregate of $6,020. The expenses of sale amounted to the sum of about four hundred dollars. Thereafter an action was commenced by this plaintiff in the superior court, in which action McCready and this defendant were made defendants and in which action plaintiff sought to recover from McCready the difference between the amount received by him for the motor cars at the auction sale, plus expenses of sale, and the price which McCready had agreed to pay for the cars. It is not stated whether in this action summons was served upon this defendant, but it is set forth in the complaint here that defendant McCready demurred to the complaint in the action last mentioned, which demurrer was sustained. Thereupon this plaintiff, being the plaintiff there, filed an amended complaint in which this defendant was not named as party defendant. That action proceeded to trial and judgment was recovered against McCready for the amount prayed for. The judgment was rendered in November, 1908. This action was commenced in March, 1915.

It is appellant's contention that the money deposited by McCready with the defendant bank became due to plaintiff upon the performance of the conditions precedent, to wit, the offer to deliver the motor cars contracted for, and that upon the refusal of the bank to pay the same to him, there arose a cause of action in favor of the plaintiff entitling him to recover the principal amount in suit. Respondent asserts in its brief that it was acting as a mere depository, and under the provisions of section 1822 et seq. of the Civil Code, was obligated to return to McCready the money upon his making demand therefor. Respondent asserts that the conditions of the deposit were not like those attending an escrow, wherein a release of the fund must be assented to by both the depositor and the other party in interest. However, there is no occasion for dispute as to terms in characterizing the situation which arose between the plaintiff and defendant. It is quite clear that the contract as made between Foster and McCready, and of which the bank had full instruction, required the depository to pay over to Foster the remainder of the deposit when the last three cars were delivered. The depository was the agent of both parties for the purpose of applying the money in the way

contracted for. On the other hand, had Foster failed to deliver the cars or to offer to deliver them, it is equally clear that the money would then belong to McCready and he would be entitled to recover it from the bank. We think, however, that the facts as stated in the complaint of plaintiff show that the plaintiff waived his right to recover this money from the bank. If upon the tender of the motor cars it may be said that the defendant held in its hands as agent for the plaintiff the $840, then it must also be said that there was then paid upon the purchase price of the motor cars the sum of $840, for the possession of the money by the agent of the plaintiff would be the possession of the plaintiff. However, plaintiff was not content to assert his right to the deposit and refused to so apply the deposit at that time. Plaintiff acted in a way which was inconsistent with the idea that he further asserted ownership of the remainder of the fund. After selling the motor cars at public auction, he proceeded to bring an action against McCready for the full amount of the difference between what plaintiff actually secured at the auction sale of the cars and the amount of the contract price, making no account whatever of the $840 which he now alleges he is entitled to recover. In our opinion, after such action was taken by the plaintiff, the bank was justified, upon the demand of McCready, in refusing to turn over the money to the plaintiff.

The judgment appealed from is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.