(May 1, 1926.)

CHARLES A. SUNDERLIN et ux., Appellants, v. T. F. WARNER and NATIONAL SURETY COMPANY OF NEW YORK, a Corporation, Respondents.

[246 Pac. 1.]

ATTACHMENT — AFFIDAVIT FOR — JUDGMENT — ELECTION OF REMEDIES— ESCROWS—EFFECT OF DELIVERY OF DEED WITHOUT CONDITION PERFORMED—RATIFICATION BY ELECTION OF REMEDY.

1. In absence of express statutory provision, attachment will not lie on demands existing *ex delicto*.

2. Under C. S., sec. 6780, authorizing writ of attachment, affidavit failing to specify amount of indebtedness sought to be recovered over and above all legal set-offs and counterclaims is fatally defective, and gives court no jurisdiction to issue writ.

3. Although attachment of property within jurisdiction of court belonging to nonresident will not support personal judgment against nonresident on whom personal service has not been had, attachment brings property attached into jurisdiction of court, and judgment is good as to property attached.

4. Where deeds for exchange of property were placed in escrow pending determination of title, and plaintiffs, on failure of defendants to furnish good title, brought action to recover judgment

for purchase price of property, they could not thereafter pursue any other remedy inconsistent with that form of action.

5. Whenever law supplies a person with two or more remedies for redress of given wrong or enforcement of given right, and remedies are based on inconsistent theories, such person is put to his election.

6. Where, after failure of defendant to deliver title to property, plaintiffs recovered judgment for value of property exchanged therefor, as on implied contract, they must be deemed to have elected to confirm conveyance to defendant by escrow-holder, and such action is inconsistent with election to sue escrow-holder for wrongful delivery of deed.

7. Although delivery of deed to grantee without his performing condition on which right depends vests no title in him, after grantor brings suit *ex contractu* and recovers judgment for purchase price, he thereby ratifies act of delivering deed.

8. Improper delivery of deed held in escrow may be ratified by person as to whom delivery was improper, and ratification may be shown by conduct of party in relation thereto.

9. Where escrow-holder, holding deeds to property to be exchanged, wrongfully delivered deed to one party, the other party by suing for value of such property ratifies act of escrow-holder, precluding recovery against him for such wrongful delivery.

APPEAL from District Court of Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action against escrow-holder for wrongful delivery of deed and bill of sale. Judgment for defendants. *Affirmed.*

**Publisher's Note.**

1. See 2 R. C. L. 815.
5. See 9 R. C. L. 958.
8. See 8 R. C. L. 990.

See Attachment, 6 C. J., sec. 109, p. 79, n. 17; p. 80, n. 18, 19; sec. 201, p. 132, n. 3; sec. 1143, p. 483, n. 83; sec. 1144, p. 485, n. 91.

Election of Remedies, 20 C. J., sec. 6, p. 5, n. 34; sec. 12, p. 17, n. 15; sec. 13, p. 18, n. 22; sec. 33, p. 38, n. 61.

Escrows, 21 C. J., sec. 29, p. 883, n. 3; p. 884, n. 12; p. 885, n. 16; sec. 38, p. 892, n. 92, 98.

Judgments, 33 C. J., sec. 45, p. 1083, n. 11.

Pleading, 31 Cyc., p. 84, n. 29.

Charles A. Sunderlin and Willard R. Griswold, for Appellants.

Under the circumstances of this case, the owner has an election of one of two remedies; he may maintain an action for the recovery of the lands, subject only to the rights of innocent purchasers for value without notice, or he may maintain an action for damages for the amount of money specified in the escrow papers, which money the bank failed to receive or turn over, and which escrow agreement was violated by the bank. (*Keith v. First Nat. Bank,* 36 N. D. 315, 162 N. W. 691, L. R. A. 1917E, 901; *Landon v. Brown,* 160 Pa. 538, 28 Atl. 921; *Riggs v. Trees,* 120 Ind. 402, 22 N. E. 254, 5 L. R. A. 696; *Blight v. Schenck,* 10 Pa. 285, 51 Am. Dec. 478; *Hubbard v. Greeley,* 84 Me. 340, 24 Atl. 799, 17 L. R. A. 511; *Schmid v. Frankfort,* 131 Mich. 197, 91 N. W. 131; *Gardiner v. McDonogh,* 147 Cal. 313, 81 Pac. 964; *Smith v. Clews,* 114 N. Y. 190, 11 Am. St. 627, 21 N. E. 160, 4 L. R. A. 392; *McNeil v. Tenth Nat. Bank,* 46 N. Y. 325, 7 Am. Rep. 341; *McFall v. Kirkpatrick,* 236 Ill. 281, 86 N. E. 139; Tiffany on Agency, pp. 398, 399; *Miller v. Hannan,* 29 N. Y. App. Div. 178, 51 N. Y. Supp. 816.)

If the true owner has clothed an escrow-holder with apparent ownership so that authority to sell may be implied, a *bona fide* purchaser will take the title free from any claim by the owner. (*Brown v. Citizens' State Bank,* 17 Ida. 716, 107 Pac. 405; *McNeil v. Tenth Nat. Bank, supra; McFall v. Kirkpatrick, supra; Blaisdell v. Leach,* 101 Cal. 405, 40 Am. St. 65, 35 Pac. 1019; *Riggs v. Trees, supra; Hubbard v. Greeley, supra; Schmid v. Frankfort, supra; Provident Life Ins. Co. v. Mercer County,* 170 U. S. 593, 5 Sup. Ct. 788, 42 L. ed. 1156; *Mercer County v. Provident Life Ins. Co.,* 72 Fed. 623.)

The fact that the action was for damages does not alter the nature of the obligation that the action was for a debt. The character of such a debt is so well established that it is a provable debt in bankruptcy, even though unliquidated. (*Talcott v. Friend,* 179 Fed. 676; affirmed (*Friend v. Tal-*

*cott*), 228 U. S. 27, 33 Sup. Ct. 505, 57 L. ed. 718; *Crawford v. Burke*, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. ed 147; *Matter of Manhattan Ice Co.* (U. S. Dist. Ct. of N. Y.), 114 Fed. 399, 7 Am. Bankr. Rep. 408; *In re Frederic L. Grant Shoe Co.* (U. S. Dist. Ct. of N. Y.), 11 Am. Bankr. Rep.; *Schall v. Camors*, 251 U. S. 239, 40 Sup. Ct. 135, 64 L. ed. 247, 44 Am. Bankr. Rep. 547).

"A subsequent purchaser in good faith acquires a good title though his grantor had received his deed from a depositary without performing the condition upon which such deed was to be delivered. The depositary of the deed is the agent of the grantor as well as of the grantee." (4 Thompson on Real Property, par. 3954; *Moore v. Trott*, 156 Cal. 353, 134 Am. St. 131, 104 Pac. 578; *Quick v. Milligan*, 108 Ind. 419, 58 Am. Rep. 49, 9 N. E. 392; *Guthrie v. Field*, 85 Kan. 58, 116 Pac. 217, 37 L. R. A., N. S., 326; *Hubbard v. Greeley*, 84 Me. 340, 24 Atl. 799, 17 L. R. A. 511; *Somes v. Brewer*, 2 Pick. (Mass.) 184, 13 Am. Dec. 406; *Simson v. Bank of Commerce*, 43 Hun (N. Y.), 156, 6 N. Y. Supp. 176; affirmed, 120 N. Y. 623, 23 N. E. 1152; *Waldock v. Frisco Lumber Co.*, 71 Okl. 200, 176 Pac. 218; 10 R. C. L. 639.

Hawley & Hawley, S. L. Hodgin, Stephan & North and S. T. Lowe, for Respondents.

Where an escrow-holder wrongfully delivers a deed, title does not pass, even to a *bona fide* purchaser. (*Bowers v. Cottrell*, 15 Ida. 221, 96 Pac. 936; *United States v. Payette Lumber Co.*, 198 Fed. 881; *Osby v. Reynolds*, 260 Ill. 576, Ann. Cas. 1914D, 387, 103 N. E. 556; *Thornhill v. Olson*, 31 N. D. 81, Ann. Cas. 1917E, 427, 153 N. W. 442, L. R. A. 1916A, 493; *Bradford v. Durham*, 54 Or. 1, 135 Am. St. 807, 101 Pac. 897; Tiedeman, Real Property, 3d ed., 579; Tiffany, Real Property, par. 406, p. 932; 11 Am. & Eng. Ency. of Law, 2d ed., 350; *Dixon v. Bristol Sav. Bank*, 102 Ga. 461, 66 Am. St. 193, and note, 31 S. E. 96; *Seibel v. Higham*, 216 Mo. 121, 115 S. W. 987; *Hunter Realty Co. v. Spencer*, 21 Okl. 155, 95 Pac. 757, 17 L. R. A., N. S., 622;

*Tisher v. Beckwith,* 30 Wis. 55, 11 Am. Rep. 546; *Chickasaw Loan & Trust Co. v. Mills,* 59 Okl. 230, 158 Pac. 1156.)

Since the plaintiffs had the right to elect between inconsistent remedies, and did elect, they cannot now recover on the abandoned remedy. (*Eichlor v. Holroyd,* 15 Ill. App. 657; *McMasters v. Torsen,* 5 Ida. 536, 51 Pac. 100; *Bernhard v. Idaho Bank & Trust Co.,* 21 Ida. 598, Ann. Cas. 1913E, 120, 128 Pac. 481; *Crook v. First Nat. Bank of Baraboo,* 83 Wis. 31, 35 Am. St. 17, 52 N. W. 1131; *Headlee v. Cain* (Mo. App.), 250 S. W. 611; *Foster v. Los Angeles Trust & Sav. Bank,* 36 Cal. App. 460, 172 Pac. 392; *Shonkweiler v. Harrington,* 102 Neb. 710, 169 N. W. 258.)

Since the plaintiffs ratified the act of Warner in delivering the deed, they cannot recover from Warner. (*Triggs v. Jones,* 46 Minn. 277, 48 N. W. 1113; *Gochnauer v. Union Trust Co.,* 225 Pa. 503, 74 Atl. 371; *Beagles v. Robertson,* 135 Mo. App. 306, 115 S. W. 1042; *Halloway v. Arkansas City Milling Co.,* 77 Kan. 76, 93 Pac. 577.)

WILLIAM A. LEE, C. J.—William J. Johnson and his wife, Nena Johnson, contracted with Charles A. Sunderlin and his wife, Pearl I. Sunderlin, plaintiffs and appellants in this action, September 18, 1919, whereby the Johnsons agreed to sell appellants certain farm lands for a stated consideration of $11,000 subject to certain encumbrances. Four thousand five hundred dollars of this consideration was to be paid by appellants in two semi-annual payments, one-half in six months and the remainder in one year after the Johnsons delivered to appellants an abstract of title showing that they had the legal right, title and interest in themselves to transfer and convey to appellants this farm land, free and clear from all encumbrances except such as were provided for in the agreement. The contract also recited that there was a case pending in the supreme court entitled Lott *versus* Anderson, which involved this title and prevented the Johnsons from transferring this property which they had contracted to sell to appellants, and that the $4,500 due on the contract should draw interest from the date of the contract

at the rate of ten per cent per annum, payable quarterly, until the debt should be extinguished. The agreement also provided that the remaining $6,500 should be paid by appellants transferring to the Johnsons a house and lot and the household goods contained therein, which transfer should be subject to a mortgage of $3,500 that appellants were permitted to place upon the property. This agreement was in effect an exchange of farm land by the Johnsons to appellants for their town property, and the household goods mentioned in the agreement, with a money consideration to be paid by appellants to the Johnsons to equalize the greater estimated value given the Johnson land. It was also provided that in the event the Johnsons were unable to obtain a good title to this farm land, they were to purchase Sunderlins' property for the sum of $10,000 subject to the $3,500 for which appellants were to mortgage this house and lot.

Each of said parties executed to the other a deed to the real property severally claimed by them and appellants gave a bill of sale for the household goods to the Johnsons. These instruments were placed in escrow with the Bank of Commerce to be delivered upon the termination of the action, then pending in the supreme court, in a manner that would confirm the title of the Johnsons to the farm land. In December following appellant Charles A. Sunderlin orally agreed with the Johnsons that they might remove the personal property to Utah upon their giving him an undertaking to indemnify him for any loss that he might incur by reason of such removal.

In November, 1921, the bank holding these escrow agreements became insolvent and went into liquidation. Thereafter, the Commercial State Bank was organized and took over the affairs of this defunct Bank of Commerce, which included these escrow agreements. This last bank was closed in November, 1921, and in January following its suspension, T. F. Warner, defendant and respondent, came into possession of the escrow agreements as liquidation agent of the department of finance, and respondent National Surety Com-

pany of New York became surety for this liquidation agent in the sum of $100,000, for the use and benefit of all persons who might be injured by a failure on the part of Warner to faithfully discharge his duties as liquidation agent, which bond also provided that any person injured by Warner could bring an action in his own name for whatever damage he might suffer as a consequence of Warner's wrongful acts.

The Johnsons did not obtain a title to the farm land that they were seeking to convey to appellants, in the action pending in the supreme court, or at all, that appellant would accept as being a compliance with the escrow agreement. Following this failure, appellant commenced an action against Warner, his bondsmen, the National Surety Company, and the said William J. Johnson, one of the vendors of the farm land. Warner, prior to this time, had delivered the deed executed by appellants conveying the house and lot, and also the bill of sale of the personal property, to the Johnsons, who soon thereafter conveyed the house and lot to third parties. At the commencement of this action the Johnsons were residing in Utah where they had removed taking the personal property with them in accordance with the agreement previously made between themselves and appellant Charles A. Sunderlin.

We will not attempt a detailed analysis of all of the allegations of the original complaint, as it contains, with the exhibits, sixty-eight folios. We think it may fairly be claimed that the cause of action as against Johnson is to recover the purchase price of the house and lot upon an implied agreement that the Johnsons having received a conveyance of the same by reason of the wrongful delivery of the deed by Warner to them, became liable to pay plaintiffs the purchase price as fixed in the exchange agreement referred to, upon the theory that the Johnsons, not having transferred to appellants the farm land, and having received a conveyance of the house and lot, were upon such failure bound to pay the consideration fixed in that agreement, in money.

Personal service of summons was had upon Warner and also upon the National Surety Company. A writ of attachment was issued in this action against defendant William J. Johnson upon the affidavit of appellant Charles A. Sunderlin in which said appellant states that defendant Johnson was indebted to plaintiffs in the sum of $7,500 over and above all legal set-offs and counterclaims, and that such indebtedness was an actual *bona fide* existing debt due and owing from said Johnson to plaintiffs. Appellants also gave an undertaking, in order to secure this writ of attachment, which states that they were about to commence an action upon a contract for the direct payment of money, claiming that there was due plaintiffs the sum of $7,500 with interest. This writ of attachment was levied upon certain real estate, particularly described, belonging to defendant Johnson, and such attachment proceedings appear to be regular in form. Constructive service upon Johnson was obtained by serving the summons in Utah. The National Surety Company defaulted and the defendant William J. Johnson made no appearance in this action, and the judgment, based upon personal service on the National Surety Company and constructive service upon William J. Johnson, was entered March 21, 1923, in favor of plaintiffs in the sum of $7,500. From the recitals in the findings of fact, conclusions of law and judgment, it appears that Charles A. Sunderlin, one of the appellants here, appeared as attorney for plaintiffs and that William J. Johnson and the National Surety Company did not appear either in person or by attorney, and that William J. Johnson had been duly and legally served with summons in said action outside of the state of Idaho.

[1] It is therefore apparent that appellant Charles A. Sunderlin obtained this judgment against defendant Johnson, acting in person for himself and also as attorney for his wife, on the representation that the action was upon contract for the direct payment of money, otherwise the court would not have had jurisdiction to enter a judgment of any kind against the defendant Johnson upon constructive service. In the absence of an express statutory provi-

sion, attachment will not lie on demands existing *ex delicto.* It is immaterial that the same measure of damages might be applied as would govern in cases of a breach of contract. If the statute intends to require the relationship of debtor and creditor to exist between the parties, no attachment will lie on demands sounding in tort. (6 C. J. 79, sec. 109, and authorities cited; 2 R. C. L. 815, sec. 18.)

[2] C. S., sec. 6780, authorizes the issuance of a writ of attachment only upon receiving an affidavit by or on behalf of plaintiff that the defendant is indebted to plaintiff over and above all legal set-offs and counterclaims, and whether upon a judgment or upon a contract for the direct payment of money. An affidavit for attachment which fails to specify the amount of the indebtedness sought to be recovered, over and above all legal set-offs and counterclaims, is fatally defective, and gives the court no jurisdiction to issue the writ. (*Kerns v. McAulay*, 8 Ida. 558, 69 Pac. 539.) [3] While the attachment of property within the jurisdiction of the court that belongs to a nonresident will not support a personal judgment against such nonresident upon whom personal service has not been had, where property has been attached such attachment brings the property attached into the jurisdiction of the court and a judgment entered in such case is good as to the property attached. (*Kerns v. McAulay, supra,* citing *Cooper v. Reynolds,* 77 U. S. 308, 19 L. ed. 931.)

Thereafter, by stipulation, the personal judgment against respondent National Surety Company was set aside and it answered. Judgment against Johnson, obtained by the attachment proceedings and upon the constructive service above mentioned, so far as the record discloses, remains in force and effect. What was done, if anything, toward enforcing the judgment against the attached property does not appear. Respondent Warner filed a general demurrer to the original complaint but the record does not disclose any action taken by the court thereon further than that on June 4, 1923, the default of respondent Warner was entered for his failure to appear and answer the amended complaint

filed in this action. Thereafter he filed an answer to the complaint as amended and subsequently the National Surety Company and Warner joined in an answer to the amended complaint. The case then proceeded to trial upon the complaint as amended and the answer of Warner and the National Surety Company. These respondents moved the court to require appellants to elect upon which of the two causes of action set up in their complaint they would proceed, whether upon the action *ex delicto* or for a breach of the contractual obligation, all being stated as one cause of action. The court then required appellants to elect whether they would stand upon their action in tort or upon an action for breach of an implied contract, and Charles A. Sunderlin, one of the appellants here, who was representing both of them, elected to stand upon his action in tort and forthwith further amended the complaint. Respondent Warner and the National Surety Company thereupon amended their answer and the trial proceeded upon the issues presented by these amended pleadings.

At the close of appellants' testimony, respondents moved for a nonsuit, which was granted upon the ground that appellants had wholly failed to establish the allegations of their complaint, and the action was dismissed as against such respondents, from which judgment this appeal is taken.

Many errors are assigned but in view of our conclusion that the motion of nonsuit on behalf of respondent Warner and the National Surety Company was properly sustained, it will only be necessary to refer to assignments 23 and 24, both of which are predicated upon the court's action in sustaining the motion of nonsuit and dismissing appellants' action.

The complaint upon which the judgment against William J. Johnson is based, when considered in connection with the attachment procured in aid of such action, was an election on the part of appellants to rescind the contract to purchase the lands, which the Johnsons were to deed to them, and to recover a money judgment against the Johnsons for the value of the house and lot and the personal property, which

appellants had agreed to give in exchange as part payment for the farm land.

Paragraph 23 of the complaint, reads:

"That by reason of the failure of the defendant William J. Johnson and his wife, Nena Johnson, or either of them, to deliver to the said plaintiffs or their joint depositary of the said escrow agreements, within the time provided for by the said contract and escrow agreement, an abstract of title showing that they have or had the right to transfer, assign, and convey to plaintiffs the right, title, and interest in said land as agreed and contracted for; by reason of their failure of or defect in title, as provided for by the terms and conditions of the said contract and escrow agreement and as hereinbefore set forth, and by reason of the delivery of the said warranty deed and bill of sale, as aforesaid, to the defendant William J. Johnson, or his agent, and the conversion of the property and property rights of the plaintiffs, as aforesaid, the plaintiffs, Charles A. Sunderlin and Pearl I. Sunderlin, his wife, have rescinded, and do now rescind, the aforesaid contract with the defendant William J. Johnson and his wife, Nena Johnson, and they have renounced and do hereby renounce any right, title or interest in the said land by reason of the said contract."

Then follows a prayer for judgment against defendants, and each of them, in the sum of $7,500 and for costs, which was given and made upon the findings of fact and conclusions of law before referred to. We think the complaint in this action, as it stood at the time the default judgments were entered against the National Surety Company and against William J. Johnson, was for a money judgment for the value of the house and lot obtained by the Johnsons from appellants, and that it also appears from the complaint and the affidavit for the writ of attachment that appellant Charles A. Sunderlin elected to treat this action as one upon implied contract for the value of this house and lot conveyed by the deed placed in escrow.

[4] After appellants had elected to pursue their remedy against Johnson by an action to recover a judgment for the

purchase price of their property and recovered such judgment, they could not thereafter pursue any other remedy inconsistent with that form of action. **[5]** Whenever the law supplies a person with two or more remedies for the redress of a given wrong or the enforcement of a given right, and these remedies are based upon inconsistent theories, however these remedies may differ either in the form or the forum of procedure or in the personality of the parties to the several proceedings, such person is put to his election. In other words, a suitor is not permitted to invoke the aid of the courts upon contradictory principles or theories based upon one and the same set of facts. The doctrine of election is not restricted to any class of remedies. (20 C. J. 4, sec. 6.)

**[6]** It is apparent that when appellants recovered a judgment for the value of this house and lot upon implied contract, the Johnsons having obtained title to the same by the alleged wrongful delivery of the deed, appellants must be deemed to have elected to affirm the conveyance and recover for the purchase price of the property. This form of action is inconsistent with their subsequent election to sue respondents Warner and National Surety Company *ex delicto* for a wrongful delivery of the deed. They could only recover in an action of contract on the theory that they had elected to ratify a delivery of the deed. They cannot contend that they had a right of recovery against the Johnsons for the value of the property, and against Warner and his surety for having wrongfully delivered the deed which conveyed the property to the Johnsons.

"One whose property has been wrongfully converted by others may maintain an action in tort against the wrongdoers or may waive the tort and sue as upon an implied contract to pay the value of the property; but he cannot maintain an action as upon an implied contract against some of the wrongdoers, and at the same time another action in tort against other wrongdoers." (*Shonkweiler v. Harrington*, 102 Neb. 710, 169 N. W. 258.)

[7] The delivery of a deed to the grantee without his performing the condition upon which his right to receive it depended vested no title in him and the grantor has a right of action to recover it or have it canceled as a cloud upon his title, but after he brings a suit against the grantee *ex contractu* and recovers a judgment for the purchase price, he thereby ratifies the act of delivering the deed, as such suit could only be maintained upon the ground that the deed was valid. (*Eichlor v. Holroyd,* 15 Ill. App. 657.)

[8] The improper delivery of a deed held in escrow may be ratified by the person as to whom the delivery was improper; and such ratification may be shown by the conduct of the party in relation thereto. (*Oland v. Malson,* 39 Okl. 456, 135 Pac. 1055; *Foster v. Los Angeles Trust & Savings Bank,* 36 Cal. App. 460, 172 Pac. 392; 21 C. J. 855, sec. 29; *Weghorst v. Clark,* 66 Colo. 535, 180 Pac. 742.)

[9] We think appellants, by their act in suing for the value of the real property, ratified the act of respondent Warner in delivering the deed, and the motion of nonsuit was properly granted. The judgment is affirmed. Costs to respondents.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.