(October 19, 1921.)

H. H. SESSIONS and S. E. SESSIONS, Appellants, v. JAMES F. WALKER and EMILY WALKER, Husband and Wife, and ANDREW G. NELSON and CORA NELSON, Husband and Wife, Respondents.

[201 Pac. 709.]

PLEADING AND PRACTICE—OPENING DEFAULT.

An application to open a default is addressed to the sound legal discretion of the court, and the order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion; and in determining the question of discretion, the power of the court should be freely and liberally exercised under the statute to mold and direct its proceedings, so as to dispose of cases upon their substantial merits.

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Wm. A. Babcock, Judge.

From an order setting aside judgment by default, plaintiffs appeal. *Affirmed.*

S. T. Lowe and T. Bailey Lee, for Appellants.

The default was properly entered, and it does not appear from the showing made that the respondents' failure to appear and answer was due to their mistake of fact, inadvertence, surprise or excusable neglect, and the motion to vacate the default and set aside the judgment should have been denied. (*Domer v. Stone*, 27 Ida. 279, 149 Pac. 505; *State v. American Surety Co.*, 26 Ida. 652, Ann. Cas. 1916E, 209, 145 Pac. 1097.)

Mere neglect of an attorney to defend a suit will not discharge his client from the judgment obtained by default in the absence of fraud. (*Matthis v. Cameron*, 62 Mo. 504; *Indianapolis etc. Ry. Co. v. Hood*, 130 Ind. 594, 30 N. E. 705; *Thomas v. Chambers*, 14 Mont. 428, 36 Pac. 814.)

No relief from a default judgment can be had because of the failure of counsel to plead. (*People v. Rains*, 23 Cal. 127.)

Failure of defendant's attorney to put in an answer in time is generally such neglect on his part that it cannot be excused in order to entitle the defendant to have the judgment taken for want of such answer set aside or reopened. (*Dick v. Williams*, 87 Wis. 651, 58 N. W. 1029; *East St. Louis v. Thomas*, 102 Ill. 453; *Bash v. Van Osdol*, 75 Ind. 186; *Bailey v. Taaffee*, 29 Cal. 423; *Williams v. Cummings etc. Co.*, 95 Cal. 652, 30 Pac. 762; *Richards v. Richards*, 24 Ida. 87, 132 Pac. 576.)

While an order of the district court setting aside or refusing to set aside the judgment by default is much in the discretion of the court, this discretion is not a mental discretion to be exercised *ex gratia*, but is a legal discretion to be exercised in conformity with law. (*Bailey v. Taaffee, supra; Harr v. Kight*, 18 Ida. 53, 108 Pac. 539.)

J. T. Pence, Peterson & Coffin, Howells & Watt and W. L. Dunn, for Respondents.

Courts will, in the exercise of their discretionary powers, relieve from the harshness of default judgments. (Sec. 6726, C. S.)

The action of the trial court will not be disturbed on review, except where a clear abuse of discretion is manifest. (*Hamilton v. Hamilton*, 21 Ida. 672, 123 Pac. 630; *Domer v. Stone*, 27 Ida. 279, 149 Pac. 505; *Richards v. Richards*, 24 Ida. 87, 132 Pac. 576; *State v. American Surety Co.*, 26 Ida. 652, Ann. Cas. 1916E, 209, 145 Pac. 1097; *Humphreys v. Idaho Gold Mines Development Co.*, 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Parsons v. Wrble*, 19 Ida. 619, 115 Pac. 8; *Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Pease v. Kootenai County*, 7 Ida. 731, 65 Pac. 432.)

RICE, C. J.—This appeal is from an order setting aside a judgment by default on the ground that the default was

due to the mistake, inadvertence, surprise and excusable neglect of respondents. It appears from the record that on July 13, 1918, the court entered an order overruling a demurrer to the complaint of appellants and giving respondents ten days from the date of the order in which to file and serve their answer to the complaint. On July 23d, counsel for respondents, in a telephone conversation, requested counsel for appellants to grant a day or two additional time in which to serve and file the answer, which request was granted, and again on the 25th or 26th of July, counsel for respondents had another telephone conversation with counsel for appellants, in which he obtained an agreement for additional time until July 29th in which to mail the answer to appellants' counsel. The answer was not mailed or filed on the 29th of July, and on July 31st, pursuant to the request of appellants, their counsel had default judgment entered by the clerk and execution issued thereon.

Respondents' showing of surprise and excusable neglect amounts to this: According to the affidavit of their counsel, during the telephone conversation of July 23d, he asked Mr. Lowe, attorney for appellants, whether he would take default against respondents if a few days more should be taken to serve and file the answer; that Mr. Lowe replied that he would not and that he had never taken default against anyone yet, and respondents' counsel further excuses his delay by showing that he was unexpectedly called to Salt Lake on July 30th, and took the answer with him, intending to serve and file it upon his return, which he expected would be on Aug. 1st. Mr. Lowe, counsel for appellants, admits that in the telephone conversation he said he had never taken default, but denies that he said he would not take default. However, in his final affidavit Mr. Lowe indicates a possible doubt in his mind as to whether or not he had stated that he would not take default.

It appears that before default was actually entered, counsel had the answer prepared and the court may have concluded that it would have been filed had not counsel believed

from his conversations above referred to that default would not be taken against him. There was a question of fact involved which was sufficient to set in motion the discretion of the trial court and its action will not be reversed unless its discretion was abused.

In the case of *Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212, it is said:

"An application to open a default is addressed to the sound legal discretion of the court, and the order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion; and in determining the question of discretion, the power of the court should be freely and liberally exercised under the statute to mold and direct its proceedings, so as to dispose of cases upon their substantial merits."

See, also, *Pease v. Kootenai County,* 7 Ida. 731, 65 Pac. 432; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031; *Humphreys v. Idaho Gold Mines Development Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817.

The order will be affirmed. Costs awarded to respondents.

Budge, McCarthy, Dunn and Lee, JJ., concur.