(March 20, 1922.)

BELLEVUE STATE BANK, Appellant, v. CHRISTIAN LILYA et ux., Respondents.

[205 Pac. 893.]

WRIT OF ATTACHMENT — DISSOLUTION — AFFIDAVIT — STATUTE—RETRO-SPECTIVE EFFECT.

1. In order to authorize issuance of a writ of attachment there must be filed with the clerk by or on behalf of plaintiff an affidavit conforming substantially to the requirements of C. S., sec. 6780, otherwise on motion of defendant the writ will be discharged.

2. Retrospective effect will not be given to a statute unless it appears that it was the intent of such legislation that it should have such effect.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Motion to dissolve attachment. From order dissolving, plaintiff appeals. *Affirmed.*

J. G. Hedrick and B. W. Oppenheim, for Appellant.

The existence of some one of the statutory grounds is all that is required to be shown by the affidavit. (*Doggett v. Bell,* 32 Kan. 298, 4 Pac. 292.)

The affidavit is not a pleading but is more a matter of evidence and is to be given a fair and reasonable construction in arriving at its meaning. (*Nichols v. Davis,* 23 Cal. App. 67, 137 Pac. 41; *Vollmer v. Spencer* (dis. opn.), 5 Ida. 557, 571, 51 Pac. 609.)

It is not necessary to allege any other facts than those specified in the statute. (*Ross v. Gold Ridge Mining Co.,* 14 Ida. 687, 95 Pac. 821.)

As justifying a liberal construction, attention is called to the pronouncement of the legislature in amending sec. 6814, C. S., so as to permit the amendment of the writ. (1921 Sess. L., c. 160, p. 354.)

This being a remedial statute (34 Cyc. 1201; 1 Blackstone's Comm. 87), in the interest of justice, the appellant might well be given the benefit thereof.

Angel & Bresnahan, for Respondents, file no brief.

DUNN, J.—Defendants moved to dissolve the attachment in this case on the ground:

"1. . . . . That said affidavit does not show that the alleged indebtedness has not been secured by any lien upon real or personal property; that said affidavit does not show that the alleged indebtedness has not been secured by any pledge of personal property; that said affidavit does not show that the alleged indebtedness has not been secured by any mortgage upon real or personal property.

"2. That said writ of attachment was irregularly and improperly issued in this, to wit: That said affidavit alleges that a part of said indebtedness 'were secured by chattel mortgages but that the security for the same became worthless' and said affidavit fails to show that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless, as required by the provisions of section 6780 of the Compiled Statutes of Idaho."

The trial court made an order dissolving said attachment, from which plaintiff appealed.

The affidavit for attachment filed by appellant alleged an indebtedness "Upon three promissory notes, for $325, $81.35, and $20, respectively, besides, interest and costs.

"That the notes for $325 and $81.35 were secured by chattel mortgages but that the security for the same became worthless; and that the same is now due, and that the payment of the same is not secured by any mortgage, lien or pledge upon real or personal property, or any pledge of personal property. And that the attachment is not sought, and the action is not prosecuted to hinder, delay or defraud any creditor of the defendant."

It is clear from an examination of this affidavit that under the decisions of this court it is insufficient to authorize the issuance of the writ. While it admits that two of the notes were secured by chattel mortgages, it is silent as to whether there is security of any kind for the other note.

While admitting that security by way of chattel mortgage had been given for two of the notes, the affidavit does not negative the fact that the other kinds of security mentioned in the statute may also have been given.

The simple statement that the security given has become worthless is insufficient without the statement required by the statute that it has become so "without any act of the plaintiff, or the person to whom the security was given." (*Murphy v. Montandon,* 3 Ida. 325, 35 Am. St. 279, 29 Pac. 851; *Knutsen v. Phillips,* 16 Ida. 267, 101 Pac. 596.)

Counsel for appellant suggest that inasmuch as the legislature has amended the statute so as to allow amendment of

the affidavit for attachment when a motion to dissolve has been made, the court, in the interest of justice, should give the appellant the benefit of said amendment and remand the case with directions to permit the appellant to amend its affidavit. This we have no right to do. The order complained of was made more than a year before the amendment took effect. The statute prescribes certain requirements that must be met at or before the hearing of the motion to discharge the attachment, if such motion is to be defeated. It contains nothing that could be construed as authorizing this court or the district court to extend its provisions to cases already decided in the district court before the amendment took effect. This court has held that retrospective effect will not be given to a statute unless it appears that the statute was intended to have such effect. (*Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81, citing 2 Sutherland on Statutory Construction, 2d ed., sec. 641.)

The order of the trial court dissolving the attachment is affirmed with costs to respondent.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.