## Mason v. Moore, et al.

(Decided October 21, 1927.)

### Appeal from Lawrence Circuit Court.

1. Action.—Where a person has obtained property of another by fraud, law implies promise to return it, or pay its value, and owner may waive tort and sue in assumpsit for money had and received.
2. Money Received.—Petition, alleging that plaintiff had accepted worthless notes in payment for house and lot on representations that notes were secured by lien on land, and that representations were false and known by buyer to be false when made, and asking for judgment for amount of money unjustly withheld from him, stated cause of action on implied contract to repay money wrongfully withheld, and not for damages sustained by reason of fraud.
3. Attachment.—Under Civil Code of Practice, section 194, attachment may be taken out in an action to recover money on an implied contract.

4.    Money Received.—In action on implied contract to repay money wrongfully withheld, in which plaintiff alleged that he had accepted worthless notes from defendant in payment for house because of representations which defendant knew to be false, that notes were secured by lien on land, when land did not exist, evidence supported verdict for plaintiff.

GEORGE W. VAUGHN, J. OWEN REYNOLDS, and GEORGE R. SMITH for appellant.

DYSARD & MILLER gor appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On August 18, 1921, the appellee E. W. Moore sold to the appellee E. E. Franklin, a nonresident of Kentucky, a house and lot located in Ashland, Ky., for $2,700. Franklin paid the purchase price by indorsing and delivering to Moore three notes dated May 12, 1921, for $1,000 each, which had been executed and delivered to him by Henry C. Frick. These notes purported, and were represented to Moore by Franklin, to be secured by a vendor's lien upon 230 acres of land in Breathitt county, Ky. Moore executed and delivered to Franklin his note for $300, which represented the difference between the face value of the three notes that had been delivered to him and the amount that Franklin had agreed to pay for the house and lot.

On August 25, 1921, Franklin sold the house and lot in Ashland, Ky., and the proceeds of the sale were paid to his wife. Moore became suspicious and began an investigation as to the value of the land in Breathitt county, Ky., upon which Franklin had represented to him a lien had been retained to secure the three notes delivered to him. As a result of the investigation he learned that no such land existed.

On September 23, 1921, he brought this action in the Lawrence circuit court against Franklin to recover the sum of $3,000, alleging that the notes delivered to him by Franklin were worthless, and that he had accepted them in payment for the house and lot in Ashland upon the representations of Franklin that they were secured by a lien upon 230 acres of land in Breathitt county, Ky., reasonably worth $6,000, the title to which was good, and that these representations were false and untrue and known by Franklin to be false and untrue when he made them; that he had relied upon them; and he asked judg-

ment against Franklin for the value of the property thus fraudulently obtained. The second paragraph of the petition, alleging grounds for an attachment, is as follows:

"For grounds of attachment against defendant, plaintiff says that this is an action for the recovery of money from the defendant upon contract implied by law; that the defendant has not property in this state subject to execution or not enough thereof to satisfy plaintiff's demand, and the collection of plaintiff's demand will be endangered by the delay of obtaining judgment and return of no property found; that the plaintiff's claim is a just one; and plaintiff believes he ought to recover from defendant $3,000 and the costs of this proceeding."

On September 26, 1921, an attachment was levied on an automobile owned by Franklin. He had purchased the automobile at Lexington, Ky., from the appellant, Silas Mason, on August 4, 1921, and had given Mason a mortgage thereon to secure the purchase price amounting to $2,000. The mortgage was not acknowledged at the time of its execution, but was signed by two witnesses. On October 13, 1921, the mortgage was proved by one of the subscribing witnesses and lodged for record in the office of the clerk of the Fayette county court, and on January 13, 1922, it was lodged for record in the office of the clerk of the Lawrence county court. After the mortgage was lodged for record in the Lawrence county clerk's office, the appellant, Silas Mason, the mortgagee, was made a party defendant, and he appeared and moved to discharge the attachment upon the ground that the action was one in tort, and not on contract; but, conceding that the action was founded on an implied contract, section 194 of the Civil Code of Practice does not authorize an attachment for the recovery of money due upon an implied contract. If the attachment is valid, it is conceded that the lien of the appellee E. W. Moore on the automobile is superior to the mortgage lien of the appellant. Franklin interposed no defense, but the appellant, Mason, filed an answer traversing the averments of the petition.

The trial court overruled the motion to discharge the attachment and upon a trial of the case the jury returned a verdict against appellee Franklin for $2,700.

The attachment was then sustained and the appellee Moore was adjuged a lien on the attached automobile superior to the mortgage lien of appellant.

Where a person has obtained the property of another by fraud, the law implies a promise to return it, or pay its value, and the owner may waive the tort and sue in assumpsit for money had and received. Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 32 Ky. Law Rep. 525, 17 L. R. A. (N. S.) 280.

It is claimed by appellant that the petition states a cause of action in tort to recover damages for the injury sustained by the plaintiff by reason of the false and fraudulent representations of the defendant Franklin. We do not think the petition can be so construed. The allegations of fraud and deceit practiced by the defendant are made not as a cause of action, but for the purpose of showing that the defendant has in his possession a certain sum of money which in law he ought to pay to the plaintiff. After setting up these facts, judgment is asked for the amount of money so unjustly withheld from him and not for damages on account of the tortious acts of the defendant. The action is clearly intended to be, and is, one upon an implied contract to repay the money wrongfully withheld, and not for damages sustained by reason of the fraud. Section 194 of the Civil Code makes no distinction between express and implied contracts, and it has been held that an attachment may be taken out in an action to recover money on an implied contract. Garrott v. Jaffray & Co., 10 Bush, 413; Sanders & Walker v. Herndon, 110 S. W. 862, 33 Ky. Law Rep. 669; State v. Superior Court, 105 Wash. 676, 178 P. 827.

Appellant finally insists that there is no evidence tending to show that Franklin knew that the land in question was not in existence when he made the representations complained of. The evidence disclosed that one M. F. Borders, on November 25, 1919, conveyed to Elisha Franklin 1,500 acres of land in Breathitt county for a recited consideration of $5,000, and that on February 10, 1920, Elisha Franklin conveyed this 1,500 acres of land to his brother, the appellee E. E. Franklin, for a recited consideration of $12,000, $200 of which was paid in cash. No such land was in existence. On May 12, 1921, E. E. Franklin conveyed to Henry C. Frick 230 acres of land, which the deed recited was a part of the 1,500 acres that had been acquired from Elisha Franklin.

The consideration recited in the deed was $6,000, of which $3,000 was paid in cash.   The evidence further discloses that neither the appellee E. E. Franklin nor any of his alleged predecessors in title at any time listed any land for taxation in Breathitt county.

The jury was properly instructed on the question of Franklin's knowledge of the truth or falsity of the representations made by him and the evidence was sufficient to suport the verdict.

Being of the opinion that the trial court properly overruled appellant's motion to discharge the attachment, the judgment is affirmed.