[Civ. No. 17480.   Second Dist., Div. Two.   May 15, 1950.]

WARNER MANUFACTURING COMPANY (a Corporation), Appellant, v. STANDARD INTERSTATE MANUFACTURING COMPANY (a Corporation), Respondent.

Rinehart, Merriam, Parker & Berg for Appellant.

No appearance for Respondent.

McCOMB, J.—From an order dissolving an attachment obtained against defendant Standard Interstate Manufacturing Company, a foreign corporation, in an action seeking to recover damages because defendant had taken possession of plaintiff's property, real and personal, and used it without plaintiff's permission, plaintiff appeals.

*Question: Under the foregoing facts was plaintiff entitled to a writ of attachment against defendant under the provisions of subsection 2, section 537 of the Code of Civil Procedure?*

This question must be answered in the affirmative. Plaintiff is entitled to levy an attachment upon property in an action upon a contract, express or implied, against a defendant not residing in this state. (Code Civ. Proc., § 537, subd. 2.)

It was alleged in the complaint that defendant was a foreign corporation doing business in California. Hence it was a non-resident defendant within the meaning of section 537, Code

of Civil Procedure. (*Title Ins. & Tr. Co.* v. *California Development Co.*, 171 Cal. 173, 218 [152 P. 542].) It was also alleged that defendant had wrongfully taken possession of the real and personal property of plaintiff and used it without the permission of the owner. Therefore plaintiff's cause of action was on an implied contract for the recovery of money, and under the provisions of section 537, subdivision 2, of the Code of Civil Procedure, since defendant was a nonresident of this state, the writ of attachment properly issued in the first instance and the trial court erred in dissolving it.

Reversed.

Moore, P. J., and Wilson, J., concurred.