[Civ. No. 4239.   Fourth Dist.   July 12, 1951.]

STEPHEN FILIPAN, Appellant, v. THE TELEVISION MART et al., Respondents.

Wendell V. Harris for Appellant.

Alfred Einstein and V. Lustig for Respondents.

BARNARD, P. J.—This is an appeal from an order dissolving an attachment. The amended complaint upon which the attachment was issued contains three counts. The first is for money had and received. As a second cause of action, it is alleged that in August, 1949, the plaintiff agreed to purchase a one-half interest in a business operated by the defendants; that he was induced to make this purchase by certain false and fraudulent representations made by the individual defendants; that he paid them $7,000 in reliance on these representations; that on August 15, four days after the agreement was signed, he discovered that the representations were false; that immediately thereafter he notified the defendants that he had rescinded his agreement of purchase by reason of said false and fraudulent representations, and demanded a return of the amount paid; that this demand was refused; and that he had received no benefits. The third cause of action alleged that on or about August 15, 1949, the plaintiff and the defendants rescinded and set aside this agreement of purchase, and the individual defendants agreed to return the $7,000 paid

by the plaintiff; that they have failed and refused to do so; and that they have been unjustly enriched in that amount. The prayer was for judgment for $7,000 with interest and costs, and "for such other and further relief as to the court may seem just in the premises."

After a hearing on defendants' motion for that purpose the court entered an order dissolving the attachment on the ground "that this is not a proper case for an attachment."

The question here presented is whether this action is one based upon an express or implied contract for the direct payment of money, within the meaning of section 537 of the Code of Civil Procedure. The respondents contend that the gravamen of the action is ex delicto rather than ex contractu, that each cause of action is predicated upon the specific facts alleged in the second count, and that it thus appears that the action is one based upon fraud and sounding in damages.

The principles set forth in *Philpott* v. *Superior Court*, 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990] and *McCall* v. *Superior Court*, 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019], are controlling here. In the latter case, the court pointed out the distinction between an action to secure the beneficial results of an accomplished rescission and an action in equity to compel a rescission and thereby secure its benefits. In considering a question very similar to the one now before us, the court said: "The action in *assumpsit* in such cases is not upon the failure of consideration or upon the fraud practiced but upon the promise or obligation set up by the law to afford the injured party additional relief. Failure of consideration, duress, fraud, or mistake, are elements only in the sense that they furnish a foundation upon which to rest the rescission from which flows the promise or obligation. We therefore conclude that in such cases when suing for the consideration paid, the injured party may, where he has received nothing of value, have the writ of attachment."

In the instant case fraud was alleged in one count merely as a foundation for the promise or obligation relied on. The action was based upon a contract theory, rather than a tort theory. Facts showing an accomplished rescission were alleged, with a further allegation that the individual defendants had agreed to repay the money. The action was one coming within the terms of the statute involved, and it follows that this was a proper case for an attachment.

The order appealed from is reversed.

Mussell, J., concurred.