257 P.2d 231

**WALLACE v. PERRY et al.**

No. 7936.

Supreme Court of Idaho.

May 11, 1953.

Keeton, J., dissented.

H. J. Swanson, Pocatello, for appellant.

L. F. Racine, Jr., and R. Don Bistline, Pocatello, for respondents.

GIVENS, Justice.

Appellant sued respondents for $1,865, paid by appellant to respondents on claimed false representations as to the efficacy of a well drilled by respondents for appellant.

Substituted service of summons was by publication and mail on respondents, then resident in Arizona; and to acquire jurisdiction, attachment was issued and levied on property belonging to respondents within Idaho on the theory the cause of action was on an implied contract for the payment of money.

Respondents did not appear within the statutory time and default was entered, and upon a default trial, judgment was rendered against them May 11, 1951 and execution sale held July 5, 1951. Respondents specially appearing, moved September 1, 1951 to set aside the judgment.

July 3, 1952 the court vacated the judgment on the ground the action was not upon a contract, express or implied, but one in fraud and the affidavit of attachment was insufficient to support the writ.

■■ The affidavit for the attachment, instead of stating the action was on an implied contract, stated it was upon a cause of action as set forth in the complaint on file herein, which by reference thereto was incorporated and made a part of the affidavit. By reference and incorporation, the allegations of the complaint were as much a part of the affidavit as though set forth therein in extenso. Collins v. Brown, 19 Idaho 360 at pages 363–364, 114 P. 671; In re Dargie's Estate, 33 Cal.App.2d 148, 91 P.2d 126 at page 131; Woodworth v. Skeen, 153 S.C. 362, 150 S.E. 764. Being incorporated by reference in the affidavit, if the complaint states a cause of action on implied contract, it speaks for itself. If it does not state a cause of action on implied contract, labeling it an implied contract in the affidavit would not make it such and would be ineffective.

The crucial question, therefore, is whether the complaint sufficiently waives the tort and states a cause of action on an implied contract. Foore v. Simon Piano Co., 18 Idaho 167, 108 P. 1038.

Respondents urge that because the fraud statute of limitations applies to a suit on an implied contract where the basis thereof is fraud, by a parity of reasoning, fraud so permeates and dominates the implied contract action that attachment will not lie, cit-

ing Thomas v. Gordon, 68 Idaho 254, 192 P.2d 856.

That case relied on Common School Dist. No. 18 in County of Twin Falls v. Twin Falls B. & T. Co., 52 Idaho 200, 12 P.2d 774, where Judge Leeper exhaustively reviewed the diverse authorities. Thus, the Court advisedly adopted the rule that the fraud statute of limitations applies to a suit on implied contract where fraud is the basis or the reason why there should be restitution. Among other California cases cited therein, MacDonald v. Reich & Lievre, 100 Cal.App. 736, 281 P. 106, has been referred to frequently and it has been followed both in California and elsewhere on this proposition without deviation, except in certain cases not pertinent herein. Mary Pickford Co. v. Bayly Bros., 12 Cal.2d 501, 86 P.2d 102, at page 112, and see Adams v. Harrison, 34 Cal.App.2d 288, 93 P.2d 237, at page 241. As will hereafter appear, California has conclusively held that in a suit on implied contract based on fraud, where the tort is waived, attachment will lie; consequently, that such an action may be barred by the fraud statute does not so affect the choice of remedy as to prevent the application of other principles pertinent to a contract action.

Respondents contend the complaint herein states solely a cause of action for fraud and does not waive the tort and is not cast in the form necessary to set forth a common money count or an action on an implied contract and that it shows something of

value was received by appellant, in that water was available at a depth of 225 feet and respondents had drilled the well to a depth of 503 feet and that certain casing pulled from the well was usable.

▮ Moser v. Pugh-Jenkins Furniture Co., 31 Idaho 438, 173 P. 639, L.R.A.1918F, 437; held that, in an action for money had and received, the ground for recovery being fraud, the particular facts constituting the fraud must be alleged definitely and positively; such allegations, however, not defeating the cause of action for money had and received or the concomitant cause of action on implied contract. It was, therefore, incumbent upon appellant to allege the fraud as the reason why, in equity and good conscience, the amount of money paid by him to respondents for the assertedly useless well should be returned and the same did not vitiate the complaint as stating a cause of action on the contract. Yosemite Growers Co-op Ass'n v. Case-Swayne Co., 73 Cal.App.2d 806, 167 P.2d 541, at 543; Los Angeles Drug Co. v. Superior Court of Los Angeles County, 8 Cal.2d 71, 63 P.2d 1124.

▮ "On the other hand, where the facts show a misappropriation of funds one may waive the tort and sue upon an implied contract for money had and received. * * * Such an action is based upon the tort of embezzlement, yet the action is one ex contractu, in which the plaintiff may have a writ of attachment." Hill v. Superior

Court, 16 Cal. 2d 527, 106 P.2d 876, 877, at page 879, citing McCall v. Superior Court, 1 Cal.2d 527, 36 P.2d 642, 95 A.L.R. 1019.

" 'The action in assumpsit in such cases is not upon the failure of consideration or upon the fraud practiced, but upon the promise or obligation set up by the law to afford to the injured party additional relief. Failure of consideration, duress, fraud, or mistake, are elements only in the sense that they furnish a foundation upon which to rest the rescission from which flows the promise or obligation.' * * * 'The action is not on the fraud, or failure of consideration, or duress, but upon quasi contract imposed by law.' " Miller v. McLaglen, 82 Cal.App.2d 219, 186 P.2d 48, at page 52–53, again citing McCall v. Superior Court, supra; Filipan v. Television Mart, 105 Cal.App.2d 404, 233 P.2d 926.

Respondents cite McCall v. Superior Court, 1 Cal.2d 527, 36 P.2d 642, supra, in support of the proposition that if anything of value has been received in connection with the transaction, attachment will not issue, even though the suit is on implied contract. The thesis of that case is a continuation of Philpott v. Superior Ct., 1 Cal. 2d 512, 36 P.2d 635, 641, 95 A.L.R. 991, which was cited and followed with approval in Addy v. Stewart, 69 Idaho 357, at page 362, 207 P.2d 498, to the effect that where money is obtained by fraud, the law will imply a promise to repay it. Both the Philpott and McCall cases, supra, involved the form and substance of actions and the latter, whether attachment may issue in a suit brought on an implied contract based upon fraudulent representations.

While these and other cases discuss rescission and executory contracts, they ultimately indicate that neither is of importance as bearing on the right of attachment.

"Indeed, under the facts here present, no rescission would seem to be required other than the initiation of the action itself, as plaintiff has received nothing of value belonging to the defendants * * * and, moreover, the common-law action of debt might lie also in such case." Philpott v. Superior Court, supra.

"It would be perplexing to have the right of attachment in all other quasi contract cases and to deny it in cases of fraud. As already observed, the law implies the promise and affords an added remedy if the injured party elects to follow it. The action is not on the fraud, or failure of consideration, or duress, but upon quasi contract imposed by law. It was through failure to concede this additional relief that error crept into the decision in the Stone Case [214 Cal. 272, 4 P.2d 777, 77 A.L. R. 743]." McCall v. Superior Court, supra [1 Cal.2d 527, 36 P.2d 647].

■■ The following pronouncement in the Philpott case, supra, is compellingly pertinent in characterizing the complaint herein:

> "Plaintiff apparently is content to merely seek a return from defendants of money given them, with interest, forgetting and foregoing all other elements of injury. Is it not plain, therefore, that he has waived the tort of defendants and has come into court relying solely upon the promise created by law to return to him the consideration paid upon the contract?"

So herein. The complaint alleges the expenditure by appellant of $1,672.68 to secure a well furnishing the water supply, which it is alleged respondents did not furnish by the well they drilled; but appellant seeks only the return of $1,865 which, it is alleged, was paid respondents for their—to appellant —useless work. Though the tort is the cause or the reason why there is an implied contract, i. e., an action for money received, on the theory it would be inequitable for respondents to retain the money because of fraudulent representations, the action is, nevertheless, ex contractu. The McCall case, supra, further expressly stated:

> "In fact, there is little, if any, difference between the promise implied by law in the case before us, where the transaction was induced by fraud, and a case of total failure of consideration such as S[anta] C[laras] V[alley] Peat Fuel Co. v. Tuck, 53 Cal. 304;

Mahony v. Standard Gas Engine Co., 187 Cal. 399, 405, 202 P. 146; Bennett v. Superior Court, 218 Cal. 153, 21 P. 2d 946.

> "The action in assumpsit in such cases is not upon the failure of consideration or upon the fraud practiced, but upon the promise or obligation set up by the law to afford the injured party additional relief. Failure of consideration, duress, fraud, or mistake, are elements only in the sense that they furnish a foundation upon which to rest the rescission from which flows the promise or obligation. We therefore conclude that in such cases when suing for the consideration paid, the injured party may, where he has received nothing of value, have the writ of attachment."

The following cases are to the same effect: Rice v. Wheeling Dollar Savings & Trust Co., 155 Ohio St. 391, 99 N.E.2d 301; Cleveland v. San Antonio Building & Loan Ass'n, 148 Tex. 211, 223 S.W.2d 226, 12 A. L.R.2d 781; Nutzel v. Kozdron, 64 Cal.App. 2d 908, 149 P.2d 411; Warner Mfg. Co. v. Standard Interstate Mfg. Co., 97 Cal.App. 2d 494, 218 P.2d 131; Filipan v. Television Mart, 105 Cal.App.2d 404, 233 P.2d 926, supra; Republic of Poland v. Pan-Atlantic, D.C., 92 F.Supp. 330; Mason v. Moore, 221 Ky. 481, 298 S.W. 1100.

Clearly the complaint herein may be construed as showing there was some kind of contract between appellant and respondents

whereby respondents were drilling a well for appellant; that because of alleged fraudulent representations on the part of respondents relative thereto, appellant paid respondents money without consideration and thereby there came into play the recognized cause of action on an implied contract for the repayment to appellant of the money paid by appellant to respondents in connection with the contract. This principle has been recognized by this Court under a sufficiently similar situation to justify attachment, Carney & Co. v. Murphy, 68 Idaho 376, 195 P.2d 339, in accordance with Addy v. Stewart, 69 Idaho 357, 207 P.2d 498, supra.

■ Weaver v. Superior Court, 93 Cal. App.2d 729, 209 P.2d 830, at page 832, construes the McCall case, 36 P.2d 642, supra, with reference to the point urged by respondents, to the effect that if there has been only partial failure of consideration, attachment will not lie. There is no allegation appellant used the pulled pipe or that he used the hole drilled by respondents, Eastern Idaho Loan & Trust Co. v. Blomberg, 62 Idaho 497, at page 507, 113 P.2d 406; thus, the holding relied upon by respondents does not apply to the allegations herein. Furthermore, this Court has held:

"In case the writ [of attachment] is sought against the property of a nonresident, it is sufficient to set forth in the affidavit just what is required by the second subdivision of said section 4303 [now 8–502, I.C.], and no more."

Kerns v. McAulay, 8 Idaho 558, at page 568, 69 P. 539, 541; Foore v. Simon Piano Co., 18 Idaho 167, at page 174, 108 P. 1038.

The second paragraph of Section 4303, Rev. Codes, now Section 8–502, Idaho Code, makes no requirement as does the first paragraph that the affidavit must show the lack or failure or valuelessness of any security. The affidavit, therefore, was not deficient in this particular.

We are aware that the attachment statute in California has a section which we do not have which permits attachment for fraud, but none of the cases cited herein from California was based upon that portion of the statute. All considered only suits on implied contracts in connection with the issuance of attachments.

■ That the amount of recovery is uncertain and has to be proved does not defeat attachment. Eaton v. Queen, 78 Cal.App. 2d 571, 177 P.2d 997, at page 999. The attachment, therefore, was valid and the court had jurisdiction of respondents and it was error to set aside the judgment for the reason assigned.

However, we are impressed with this portion of respondents' affidavit in support of the motion to vacate the judgment:

"* * * That Affiant and his son at all times have understood that the above entitled action was one for fraud. * * *."

and they may have been unwittingly misled to their prejudice.

In the above California cases, there is considerable discussion as to whether a suit on an implied contract, as herein, is legal or equitable, with ultimate recognition that, though an action at law, equitable principles may be applied in connection therewith.

 It is always better to hear a case on its merits than on default. Pittock v. Pittock, 15 Idaho 47, at page 52, 96 P. 212; Sessions v. Walker, 34 Idaho 362, 201 P. 709; Dellwo v. Petersen, 34 Idaho 697, at page 705, 203 P. 472.

 The showing being wholly written, we may independently exercise our discretion. Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, at page 290, 194 P.2d 281.

It is, consequently, consonant with justice and fair dealing that the judgment be set aside, if respondents, within twenty days of the going down of the remittitur herein, serve and file an answer showing a meritorious defense; otherwise, the order setting aside the judgment will be reversed and the judgment approved.

Costs to appellant.

PORTER, C. J., and TAYLOR and THOMAS, JJ., concur.

KEETON, Justice (dissenting).

This action was brought to recover damages for an alleged fraud, plaintiff claiming because of fraud committed, he had been damaged in the sum of $1,865. An attachment was secured, substituted service of summons perfected, and a judgment in rem entered against the property of defendants. The appeal presents for determination one primary question, that is, did the court have jurisdiction to enter the judgment?

On motion made, the trial court set the judgment aside on two grounds: first, that the action of the plaintiff is not an action upon a judgment or upon a contract, express or implied, or for the collection of a penalty provided by any statute of this state, but is an action for fraud and one in which *no liquidated sums or amounts were due and owing from the defendants to the plaintiff;* second, that the affidavit of attachment was insufficient to support a writ of attachment issued thereon. Plaintiff, appellant here, appealed from the above order.

In my opinion the Court was correct in setting the judgment aside on both grounds stated, and the order setting it aside and holding the judgment void should be affirmed without modification.

Sec. 8–501, I.C., states that an attachment may issue:

"* * * upon a judgment, or upon contract, express or implied, for the direct payment of money, where the contract is not secured by any mortgage or lien upon real or personal property, or any pledge of personal property; * * *.

"* * * upon a judgment, or upon contract, express or implied, or for the collection of any penalty provided by any statute of this state, *against a defendant not residing in this state."* (Emphasis supplied.)

The attachment so provided for requires, under Sec. 8–502, I.C., the filing of an affidavit by the one seeking the attachment. Sec. 8–502, I.C., reads as follows:

"The clerk of the court must issue the writ of attachment upon receiving an affidavit by or on behalf of plaintiff setting forth:

"1. That the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all legal set-offs or counter-claims) and whether upon a judgment or upon a contract for the direct payment of money, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, * * *.

"2. When the defendant is a non-resident of this state, that such defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all legal set-offs or counterclaims), and that defendant is a nonresident of the state.

"3. * * *."

The affidavit on which the attachment was issued alleged in pertinent part as follows:

"* * * that the defendants above named are indebted to the above named plaintiff in the sum of eighteen hundred sitxy-five ($1,865.00) Dollars over and above all legal set-offs and counter claims, upon *a cause of action as set forth in the complaint on file herein,* reference to which complaint is made for all of the allegations therein set forth, and by reference incorporated into and made a part hereof, as fully as if here again set out. That the said defendants are at this date not residents of Idaho, and reside at this date in the State of Arizona; that the payment of the same has not been secured by any mortgage, lien or pledge on real or personal property. (Emphasis supplied.)

"And This Affiant Further Says; that the sum for which the attachment is asked in this cause, that is to say the amount of indebtedness which is above stated, is an actual bona fide existing debt, now due and owing from the defendants to the plaintiff, and that the attachment is not sought, and the action is not prosecuted to hinder, delay or defraud any creditor or creditors of the said defendants."

A reading of the affidavit discloses that nowhere in it does it state or allege that

the action is brought *upon a contract, express or implied, for the direct payment of money.*

The affidavit refers to the complaint as the basis for the attachment.

The complaint nowhere alleges that the action is brought on a contract, express or implied, for the direct payment of money; and as a matter of fact, alleges exactly the opposite. The complaint, after setting forth numerous acts of deceit, fraud and misrepresentation, claims that by reason of plaintiff's reliance on the false statements of defendant, which statements the complaint alleges were made with reckless disregard of their truth, and with intent to defraud plaintiff, and by reason thereof the complaint alleges:

"that the plaintiff did rely on them [the false misrepresentations] and that the *damage* he [plaintiff] sustained is the sum of $1865.00". (Emphasis supplied.)

In determining the matter presented, it seems plain to me that prior decisions of this Court have very forcibly, plainly and emphatically disposed of the matter at issue.

A writ of attachment is a creature of statute and entirely statutory, and the limitations imposed by statute are mandatory. Sherwood v. Porter, 58 Idaho 523, 76 P.2d 928; Greene v. Rice, 32 Idaho 504, 186 P. 249.

In order to invoke the court's jurisdiction to issue the writ, the affidavit, if required by statute, must contain all the essential allegations, *and must show all matters required by the statute.* 7 C.J.S., Attachment, § 117, page 282.

I do not think the complaint could be incorporated in the affidavit by reference for the purpose of securing a writ of attachment. If, however, we consider the affidavit and complaint as one instrument, the affidavit being essential to the issuance of the writ, the requirements of the statute have, in this case, not been complied with.

The remedy by attachment was unknown at common law and is purely of statutory origin, and in the absence of an express provision authorizing the attachment, it cannot issue. It is only when the statute is strictly pursued for legitimate purposes that such remedy can be resorted to, and the grounds for its issuance must be well founded. 4 Am.Jur. 566, Sec. 26.

These general principles have been applied by this Court in numerous decisions. In Murphy v. Montandon, 3 Idaho 325, 29 P. 851, this Court held:

"If an affidavit for an attachment is defective in not stating all the statute requires, or if it is false, the court has no jurisdiction to issue the attachment."

See also American Fruit Growers, Inc. v. Walmstad, 44 Idaho 786, Syl. 2, 260 P. 168, and Mathews v. Densmore, 43 Mich. 461, 5 N.W. 669.

In Bellevue State Bank v. Lilya, 35 Idaho 270, 205 P. 893, this Court held that

an affidavit conforming substantially to the requirements of the statute must be filed or on motion the writ will be discharged. To the same effect see Vollmer v. Spencer, 5 Idaho 557, 51 P. 609.

In Farmers State Bank of Star v. Gray, 36 Idaho 49, 210 P. 1006, 1009, this Court held in effect that the affidavit to secure the issuance of a writ of attachment must be sufficient on its face, otherwise no lawful attachment could issue, and in this case Chief Justice Rice said:

"The claim therefore must be one founded upon a contract for the direct payment of money, the payment of which has not been secured in any degree by any of the means specified in the statute."

In Sunderlin v. Warner, 42 Idaho 479, 246 P. 1, this Court held that an attachment cannot issue on demands ex delicto, and an affidavit failing to specify the amount of the contractual indebtedness is fatally defective, and gives the court no jurisdiction to issue the writ.

The requisites for issuing a writ of attachment provided for in subd. 1 of Sec. 8–501, I.C., apply to nonresident, as well as resident defendants, that is, the indebtedness must be one on a contract, express or implied, for the direct payment of money. This section was interpreted and applied in Kerns v. McAulay, 8 Idaho 558, 69 P. 539.

In what class of actions can an attachment issue in the first instance? For an answer to this question we should read Sec. 8–501, I.C., the second subdivision of which reads:

"In an action upon a judgment, or upon contract, express or implied, or for the collection of any penalty provided by any statute of this state, *against a defendant not residing in this state."* (Emphasis supplied.)

In other words, in every instance, whether defendant be a resident or nonresident, the action must be upon a judgment, or upon a contract, express or implied, or for collection of a penalty, and cannot issue otherwise. Simply to state that a defendant is a nonresident of the state without showing that the action is based on a contract, express or implied, gives the court no jurisdiction to issue the writ. See cases above cited, and Foore v. Simon Piano Co., 18 Idaho 167, 108 P. 1038.

The only distinction between a resident and a nonresident debtor is that the absence of security against a nonresident need not be alleged in the affidavit, but whether the defendant be a resident or nonresident, the action must be predicated upon a contract, express or implied, and the affidavit must so show.

Certainly in the case before us, under the facts alleged, there was no liquidated amount that plaintiff could sue for.

While the decisions of California are not harmonious on the proposition presented, I quote from Stone v. Superior Court in and for Los Angeles County, 214 Cal. 272, 4 P.2d 777, 77 A.L.R. 743:

"Where the statute limits the issuance of the writ of attachment to actions based on contract, express or implied, for the direct payment of money, an attachment may not issue in an action to recover back the consideration paid for stock upon a rescission of the purchase by reason of the seller's false and fraudulent misrepresentations notwithstanding the complaint also contains a count for money had and received founded on the same facts."

In the case before us no money count was alleged. The action was plainly one for fraud and the affidavit entirely insufficient. While I am of the opinion that the affidavit could not be construed to include the allegations of the complaint, I feel this is unnecessary to decide.

This action clearly being one in tort and not on contract, the attachment in any event would not lie.

The attachment being in the first instance based on the affidavit, and the affidavit being insufficient, there could be no attachment. In Beam v. Berryman, 146 Okl. 94, 293 P. 550, the Supreme Court of Oklahoma held the affidavit for attachment is jurisdictional and without it, the attachment should be dissolved on motion. In Cleveland & Western Coal Company v. J. H. Hillman & Sons, D.C.Ohio, 245 F. 200, the Court held an order of attachment issued without sufficient affidavit is absolutely void.

I cite the above authorities on sufficiency of the affidavit to show under what circumstances the jurisdictional ground must exist before the attachment can lawfully issue.

In re Dargie's Estate, 33 Cal.App.2d 148, 91 P.2d 126, cited in the majority opinion has reference to pleadings and not to affidavit for attachment, and in my opinion is not an authority for the matter here presented.

It is therefore my opinion that the affidavit is wholly insufficient whether the complaint is incorporated in it or not; that the action is based on a tort, and the complaint so shows on its face.

I therefore think the order of the trial court was correct, and that the order should be affirmed without modification.