683 So.2d 184 (1996)
GAREL AND JACOBS, P.A., Appellant,
v.
Daniel WICK, as guardian of Michael Garel, A Minor, Appellee.
No. 96-1234.
District Court of Appeal of Florida, Third District.
November 20, 1996.
*185 Bill Ullman, Miami, for appellant.
Daniel Wick, in pro. per.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
NESBITT, Judge.
The law firm of Garel & Jacobs, P.A. appeals an order entered by a circuit court judge, assigned to the probate division, which compelled the law firm of Deutch & Blumberg, P.A. to disburse funds held by that firm partially to Daniel Wick, as guardian ad litem of a minor, with the residue to be paid to Heidi Roth, Esquire. Neither Deutch & Blumberg nor Ms. Roth resisted the order, Deutch & Blumberg, primarily because it recognized that by acting pursuant to the order, it acted with impunity, and Ms. Roth, because all agreed that the portion paid to her was her property.[1]
From our characterization of the order, it clearly appears that the order sought to be reviewed does not conclude the judicial labor nor terminate the proceeding in order to support a plenary appeal. Fla. R.App. P. 9.110. Nor does the order determine the rights of a party under Florida Rule of Probate and Guardianship 5.100 in a particular proceeding. Nonetheless, the order does determine the right to immediate monetary relief pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), under which we have jurisdiction to decide the appeal.
Prior to his personal difficulties, Arthur Garel, a practicing attorney, secured the settlement of a personal injury claim for the use and benefit of his son in the sum of $45,000. These funds were placed in a restricted account. Subsequently, Garel formed a partnership with his then-associate, Jeffrey Jacobs. The firm became known as Garel & Jacobs, P.A. Both attorneys were employed by the professional association. Thereafter, as a result of substance abuse and addiction problems, Garel absconded not only with the firm's trust monies but ultimately managed to secure the release of his son's guardianship funds.
Garel was initially suspended, and eventually permitted to resign from the Florida Bar. The minor's natural mother then brought an action in the general jurisdiction of the circuit court against Garel & Jacobs, P.A., as well as Garel and Jacobs, individually, to recover a money judgment encompassing the guardianship funds which she alleged the law firm had negligently permitted Garel to withdraw.
*186 The circuit judge sitting in probate appointed Daniel Wick, guardian ad litem to represent the minor. In the probate division, Wick then filed the motion which precipitated the order under review. By the motion, the guardian ad litem sought to compel Deutch & Blumberg to disburse the money which Wick alleged was rightfully the minor's property because of Garel's defalcations. Garel & Jacobs, P.A., by then Jacobs, P.A., resisted entry of the order. The firm claimed that such a writ of garnishment should only be issued in the action in which the primary claim was pending. Also, the firm argued that the court had not ordered a bond as required by Chapter 77, and also, the firm argued that writs of garnishment are prohibited in tort actions. We find the law generally agreeable to the appellant's position.
A prejudgment writ of garnishment, which the order under review most closely resembles, is a civil remedy available to a party to secure the anticipated money judgment the party ultimately expects to recover. Section 77.031(2), Florida Statutes (1995) explicitly provides that a motion to procure such writ "shall [be] file[d] in the court where the action is pending...." This is because the writ, being ancillary to the main action, should only be sought where the primary obligation is sought to be enforced. Moreover, it is plain that here, the movant for the prejudgment writ of attachment, did not post a bond as was required by section 77.031(3), Florida Statutes (1995).
Chapter 77, Florida Statutes, governs the practice of garnishment. Florida Rule of Civil Procedure 1.010 recognizes that special statutory proceedings control unless the rules provide to the contrary. For this reason, the guardian ad litem's motion should have been denied without prejudice. He should have filed an appearance in the negligence action and there obtained leave of court to be joined as an additional party plaintiff and then renew the motion for garnishment.
Finally, we agree generally with the appellant that garnishment may not be employed before judgment in a tort action. § 77.02, Fla. Stat. (1995). Under the factual circumstances apparently present, however, this rule may not entirely preclude the employment of garnishment proceedings in this case. An examination of the primary action upon which the garnishment is ancillary and dependent pleads a cause of action against the professional association for funds taken. In that regard, we quote with approval from Chief Judge Schwartz' observations in Barbouti v. Lysandrou, 559 So.2d 648, 650 (Fla. 3d DCA 1990):
Under a principle of ancient and honorable lineage, an improper taking of goods or money which actually belongs to another and which may in itself constitute a tort, also gives rise to an implied contractual obligation to return that property. As Prosser says:
[T]here has developed the doctrine that where the commission of a tort results in the unjust enrichment of the defendant at the plaintiff's expense the plaintiff may disregard, or "waive" the tort action, and sue instead on a theoretical and fictitious contract of restitution of the benefits which the defendant has so received.
. . . .
Thus where the defendant has appropriated the plaintiff's money, or has taken his property and sold it, a quasi-contract count will lie for money had and received to the plaintiff's use, through the fiction of an implied promise to repay.
W. Prosser & W. Keeton, The Law of Torts S 94, at 672-73 (footnotes omitted). This doctrine has found directly pertinent application in holdings that the exclusion of tort actions from the operation of garnishment and attachment statutes does not apply to cases like this. Wallace v. Perry, 74 Idaho 86, 257 P.2d 231 (1953) (attachment lies for misappropriation of funds sued upon in implied contract for money had and received); Cleveland v. San Antonio Building & Loan Ass'n, 148 Tex. 211, 223 S.W.2d 226 (1949) (writs of garnishment and attachment properly issued when claim for liquidated damages arises out of express or implied contract); State ex rel. American Piano Co. v. Superior Court, *187 105 Wash. 676, 178 P. 827 (1919) (attachment or garnishment lies for conversion of property arising from contract claim). See generally 38 C.J.S. Garnishment SS 7-8 (1943).
Accordingly, the order under review is reversed and the cause remanded.
NOTES
[1] Therefore, our reversal of the order under review should not affect Ms. Roth's entitlement to her portion of the fee in any way.